149 N.J. Super. 367 (1977)
373 A.2d 1020
NEWARK TEACHERS UNION, LOCAL 481, A.F.T., A.F.L.-C.I.O., PLAINTIFFS,
v.
BOARD OF EDUCATION, CITY OF NEWARK, NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 16, 1977.
*370 Mr. Raymond Meisenbacher argued the cause for the plaintiffs (Messrs. Liss and Meisenbacher, attorneys).
Mr. Robert T. Pickett argued the cause for the defendants (Messrs. Pickett and Jennings, attorneys).
LESTER, J.S.C.
The question presented is whether a certain dispute between the parties is arbitrable.
Three nontenured teachers employed by defendant Board of Education of the City of Newark (Board) were notified on or about April 25, 1976 that their contracts would not be renewed for the following school year. A grievance was filed on their behalf by plaintiff Newark Teachers Union (NTU), which grievance was scheduled for a hearing before a panel of arbitrators on October 19, 1976. The grievance alleged that the Board improperly notified the teachers of their nonretention and failed to file sufficient and/or accurate evaluation reports of the teachers' performance. Prior to the date of the hearing, on October 18, 1976, the Board filed a petition of appeal with the Commissioner of Education, seeking a determination of whether the claims advanced by the nonrenewed teachers were arbitrable. Arbitration was stayed at the request of the Board. Thereafter, on December 8, 1976, NTU applied to this court for a mandatory injunction requiring the Board to proceed to arbitration. This court must thus determine if the claims are, in fact, to be disposed of by arbitration or by a hearing before the Commissioner of Education.
It is contended by NTU that the instant matters involved the breach of terms and conditions of employment included *371 in a collective bargaining contract entered into between the NTU and the Board, which contract specifies arbitration as the means of resolving disputes arising from alleged breaches of contractual rights.
To the contrary, the Board contends that its decision not to renew the contracts of nontenured teachers constitutes major educational decisions from which all objections must be referred to the Commissioner of Education, even where a collective bargaining agreement calls for arbitration.
The court is, therefore, asked to pass upon two questions in deciding the arbitrability of the grievance: (a) does the grievance fit within the arbitration clause, and (b) does the grievance concern matters of major educational policy which, despite their inclusion in the arbitration clause, must be referred to the Commissioner of Education.
As a threshold question it must be determined whether this court should exercise its jurisdiction to decide the arbitrability of the claims since that very question is now pending before the Commissioner of Education.
It is abundantly clear that the question of the arbitrability of a given issue within a collective bargaining agreement is a proper matter to be adjudicated by a court. Battle v. General Cellulose Co., 23 N.J. 538, 543-544 (1957); Dist. 65, R.W.D.S.U. v. Paramount Surg. Sup. Co., 117 N.J. Super. 125 (App. Div. 1971). It is contended by the Board, however, that the Commissioner of Education has concurrent jurisdiction to decide such a question, noting that the Commissioner has authority to decide all disputes arising under the school laws (N.J.S.A. 18A:6-9) and that, accordingly, questions of arbitrability are, and have been, decided by the Commissioner. Lakewood Tp. Bd. of Ed. v. Lakewood Education Ass'n, 73 S.L.D. 684 (1973); Madison Tp. Bd. of Ed. v. Madison Tp. Education Ass'n, 74 S.L.D. 488 (1974).
Whatever the practice has been in the past, present law permits matters to be adjudicated by the Commissioner of Education only in a limited class of cases. The Commissioner *372 has jurisdiction over certain disputes in the absence of an agreement or if the subject matter is not susceptible to a binding agreement because it concerns a major educational policy or because the issues are controlled by the school laws. South Orange-Maplewood Education Ass'n v. So. Orange and Maplewood Bd. of Ed., 146 N.J. Super. 457 (App. Div. 1977). In South Orange, confronted with the problem of whether a trial court or the Commissioner of Education had jurisdiction to interpret and enforce contractual provisions relating to sabbatical leave, the Appellate Division found that the trial court had jurisdiction since, ultimately, the only question posed concerned the interpretation of the agreement itself. The question of contractual interpretation, not being a matter which would be significantly aided by the Commissioner's administrative expertise, Englewood Bd. of Ed. v. Englewood Teachers, 64 N.J. 1, 8 (1973), the court concluded that the Commissioner has jurisdiction only where there is no agreement or where the matters are not negotiable or are subject to school laws. The determination of whether any controversy falls within the jurisdiction of the Commissioner by reason of it being nonnegotiable or subject to the school laws is not a matter to be decided by the Commissioner. See Dunellen Bd. of Ed. v. Dunellen Ed. Ass'n, 64 N.J. 17, 31 (1973).
In the instant case there clearly is an agreement to arbitrate pursuant to Article III of the collective bargaining agreement between the Board and the NTU dated February 1, 1976. Whether the disputes in question are subject to arbitration and what issues must be arbitrated are to be determined in a judicial proceeding. There is no need to defer to administrative expertise since the only question properly before this Court is whether the arbitration clause is applicable to the stated grievance.
The answer to that question is clearly "Yes." Article III ("Grievance Procedure"), § 1. A.(2) defines a grievance as a complaint by an employee that "there has been as to him a *373 violation, misinterpretation or misapplication of the provisions of this Agreement or of any existing rule, regulation or order of the Board, or any of the rules, regulations or orders of the New Jersey State Department of Education having the force and effect of law."
It is established that no dispute directed toward the underlying grounds for the nonretention of nontenured teachers shall be the subject of grievance procedures, including arbitration, but that such a matter should be adjudicated by the Commissioner of Education. Lakewood Tp. Bd. of Ed., supra; see also, Union Cty. Regional High School Bd. of Ed. v. Union Cty. Regional Teachers Ass'n, 145 N.J. Super. 435 (App. Div. 1976).
If, then, the grievance involved the grounds for nonretention of these nontenured teachers, the Board's contentions would stand on solid ground. This is not, however, the case.
Here, there is no dispute as to the reasons for nonretention. Rather, the grievants claim the Board did not follow the termination procedures specified in the collective bargaining agreement. Specifically, it is alleged that among the grievances (a) notice of nonrenewal was not made on or before April 1 of the spring prior to the next academic year, in violation of Article V, § 1. A. and B. of the collective bargaining agreement; (b) the teacher evaluater reports were improper or inaccurate (Article V, § 10.A. and B.), and (c) teachers were not evaluated three times during the preceding year, as required by N.J.S.A. 18A:27-3.2 and 3.3, embodied in Article XXIV, § 2.
Claims advanced by teachers alleging that their nonreemployment did not comply with their procedural rights embodied in the collective bargaining agreement are matters properly within the ambit of the grievance procedure established in Article III. Both parties being authorized by statute to adopt arbitration as a means of resolving disputes (N.J.S.A. 34:13A-5.3), it follows that the matters are mandatorily arbitrable. Where provision is made for finding arbitration *374 of contractual terms and conditions of employment, "recourse for their resolution must be by that means, and not to the Commissioner, * * *." Red Bank Bd. of Ed. v. Warrington, 138 N.J. Super. 564, 572 (App. Div. 1976).
The Board contends that, even if the grievance arguably falls within the arbitration clause, arbitration should not be pursued since the matters sought to be arbitrated could not by law be susceptible to binding arbitration. It is argued that the controversies at bar concerning the Board's decision not to rehire nontenured teachers involve a major educational policy which, unlike questions concerning terms and conditions of employment, are matters within the exclusive jurisdiction of the Commissioner. Dunellen Bd. of Ed., supra. Accordingly, the Board contends that the grievance may not be the subject of arbitration even if arbitration were agreed upon in collective bargaining since the parties to collective bargaining may not agree to restrict the jurisdiction of the Commissioner.
If the Board's interpretation were sustained, and all controversies concerning the nonretention of nontenured teachers were considered major educational policies to be referred only to the Commissioner of Education, it would effectively read out of this, and every public employment contract, any arbitration clause insofar as it relates to nontenured teachers. Such an interpretation would fly in the face of the policy of this State to encourage the establishment of arbitration in grievance procedures between public employers and employees. N.J.S.A. 34:13A-5.3 (§ 4); Red Bank Bd. of Ed., supra at 572, 573.
It thus appears that what the Board seeks from this court is a determination as to whether the subject matter of the instant grievance constitutes major educational policy rather than a term or condition of employment. Dunellen Bd. of Ed., supra.
While this court would find little difficulty in resolving the problem posed, since it appears manifest that the grievance concerns terms or conditions of employment, it is *375 established that PERC is vested with primary jurisdiction in determining whether, by reason of its being a term of condition of employment rather than a major educational decision, a contract provision is negotiable. Plainfield Bd. of Ed. v. Plainfield Ed. Ass'n, 144 N.J. Super. 521, 525, 526 (App. Div. 1976). PERC has already found that parties may properly negotiate to establish termination and evaluation procedures and to negotiate to refer to arbitration controversies arising from the termination and evaluation procedures, Englewood Bd. of Ed. and Englewood Teachers Ass'n, 2 N.J.P.E.R. 72 (1976) and controversies concerning the accuracy of evaluations used by a Board in deciding whether to reemploy a nontenured teacher. In re New Milford Bd. of Ed. and New Milford Ed. Ass'n, 2 N.J.P.E.R. 353 (1976). All of the above issues are present in the instant case. This court has not been presented with any PERC decision on the question of whether parties may contract to advance the mandatory date of notice of termination before the statutory date of April 30 of the spring preceding the next academic term. N.J.S.A. 18A:27-10. As in all such cases, PERC alone must decide whether the provisions in question are negotiable terms and conditions of employment. Plainfield Bd. of Ed., supra at 526.
Since the defense of nonnegotiability concerns a question beyond the jurisdiction of this court, and since the court has determined that the arbitration clause of the instant contract is applicable to the grievance posed, the parties are instructed to proceed to arbitration forthwith. Any party seeking to submit the matter of negotiability to PERC may apply to this court for a temporary stay of arbitration so long as such application is made within two weeks from the rendering of this Opinion.
The appeal now pending before the Commissioner of Education shall be dismissed for lack of jurisdiction.
Judgment accordingly.