173 N.J. Super. 109 (1980)
413 A.2d 628
SARA RIELY, RESPONDENT,
v.
THE BOARD OF EDUCATION OF HUNTERDON CENTRAL HIGH SCHOOL, HUNTERDON COUNTY, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 1980.
Decided March 4, 1980.
*110 Before Judges SEIDMAN, MICHELS and DEVINE.
James P. Granello argued the cause for appellant (Murray, Granello & Kenney, attorneys; James P. Granello of counsel; Mark J. Blunda on the brief).
Sanford R. Oxfeld argued the cause for respondent (Rothbard, Harris & Oxfeld, attorneys).
John J. Degnan, Attorney General of New Jersey, filed a statement in lieu of brief on behalf of the State Board of Education (Erminie L. Conley, Assistant Attorney General, of counsel; Alfred E. Ramey, Jr., Deputy Attorney General, on the statement).
PER CURIAM.
Respondent Sara Riely, an untenured teacher whose contract was not renewed for the 1976-1977 school year by appellant Board of Education of Hunterdon Central High School (board), filed a petition of appeal with the Commissioner of Education seeking reinstatement with back pay to her position as a teacher of English. The board moved to dismiss the petition on the ground that it had been filed out of time. It contended, additionally, that the petition was barred by reason of an adverse award in an arbitration proceeding instituted by the teacher under the grievance provisions in the collectively negotiated agreement between the board and the teachers' association. The Commissioner denied the motion to dismiss and directed that the matter "move forward expeditiously to a full plenary hearing to determine if petitioner is entitled to reinstatement." The board's appeal to the State Board of Education was dismissed. We granted the board's motion for leave to appeal and stayed further proceedings pending our determination of the matter. We are satisfied from our review of the record that the petition of appeal was filed out of time and should have been dismissed.
*111 Respondent was notified of the nonrenewal of her contract in a letter from the supervisor of instruction dated April 13, 1976. She was accorded an informal hearing before the board at her request on May 10, 1976. The following day the board sent a letter informing her that its prior decision not to renew her contract remained unchanged.
In May 1976 respondent availed herself of the grievance machinery in the contract between the board and the teachers' association and demanded binding arbitration on the issue of the procedural propriety of the nonrenewal of her teaching contract. The board acquiesced and the issue framed by the parties for submission to binding arbitration was, "Did the Board violate the Agreement in terminating Sara Riely? If so, what shall the remedy be?" After a hearing the arbitrator found against respondent. He rejected as without substance her contention that the board had violated established procedures and past practice in failing to grant her an interview after notifying her of its intention not to renew her contract. He further found no factual or legal basis for any claimed violation of board rules, regulations or policies. Finally, the arbitrator dismissed the teacher's claim that the adverse evaluation of her proficiency was made by a department chairman who was not a certified supervisor, as required by State Board rules and regulations, and was therefore invalid. He concluded from the proofs that the department had been properly appointed and was, if not de jure, a de facto certified supervisor. The award, dated May 1, 1977, was that the "Board of Education of the Hunterdon Central High School did not violate the Agreement in terminating Sara Riely."
On June 20, 1977 respondent filed a petition of appeal with the Commissioner, averring therein that (1) despite previous excellent evaluations and observations, and without prior notification, she was notified orally of the nonrenewal of her contract; (2) the department chairman who made the underlying observations "lacked the appropriate certification to observe and evaluate," *112 and (3) the reason given was untrue and not an appropriate ground for nonretention.
On September 19, 1978 the motion to dismiss the petition was denied. The Commissioner held that it had been filed within 90 days of the arbitrator's award and was therefore timely. The State Board's decision dismissing the appeal is dated December 6, 1978. It is to be noted that N.J.A.C. 6:24-1.2 states, in pertinent part, that a petition to the Commissioner to determine a controversy or dispute arising under the school laws must be filed within 90 days after receipt of the notice by the petitioner of the action concerning which the hearing is requested. However, this rule was adopted October 6, 1976, and thus was not in effect when the board's letter was issued. Nevertheless, the Commissioner's ruling runs counter to his own interpretation of the applicability of that regulation.
In Wagner v. Bridgewater-Raritan Reg'l School Dist. Bd. of Ed., 1978 S.L.D. (November 3, 1978), a nontenured teacher who was notified in March 1976 that her contract would not be renewed for the 1976-1977 school year, filed a grievance and demanded arbitration. The board refused to participate in the arbitration and, on March 21, 1977, rejected the arbitrator's award which favored the teacher. The latter filed a petition with the Commissioner in June 1977, again challenging the nonrenewal. The board moved to dismiss and the Commissioner granted the motion. Recognizing that N.J.A.C. 6:24-1.2 was not in effect when the board gave notice to the teacher that her contract would not be renewed, the Commissioner nonetheless reasoned that it should have been obvious to petitioner after Union Cty. Bd. of Ed. v. Union Cty. Teachers Ass'n, 145 N.J. Super. 435, 437 (App.Div. 1976), certif. den. 74 N.J. 248 (1977), and the "rule changes codified in Title 6, Chapter 24, that administrative relief should be requested from the Commissioner." He determined that the petitioner had 90 days from the adoption of the rule in which to file her appeal, and her waiting for the arbitrator's ruling and its rejection by the board before appealing *113 more than six months later clearly rendered the appeal out of time.
The Commissioner's rationale is buttressed by the recent case of Bernards Tp. Bd. of Ed. v. Bernards Tp. Ed. Ass'n, 79 N.J. 311, 326-327, n. 4 (1979), in which the court cautioned that while advisory arbitration was an appropriate intermediate procedural step for handling a dispute over the withholding of a teacher's salary increment, a matter otherwise within the managerial discretion of the board of education, a teacher who proceeds to arbitration is not thereby relieved from compliance with the 90-day requirement of N.J.A.C. 6:24-1.2 for filing a petition of appeal with the commissioner. In such case the Commissioner will await the completion of the arbitration proceedings and the rendering of an advisory decision before conducting a hearing on the petition.
In the case under review, the facts strongly support the dismissal of the petition as untimely. Respondent chose to proceed to binding arbitration on her asserted grievance concerning the board's alleged violation of reemployment procedures and past practices. These issues were properly within the scope of mandatory arbitration under the grievance machinery established in the collectively negotiated contract. See Newark Teachers Union v. Newark Bd. of Ed., 149 N.J. Super. 367, 373-374 (Ch.Div. 1977); cf. State v. State Supervisory Employees Ass'n, 78 N.J. 54, 90 (1978); In re Byram Tp. Bd. of Ed., 152 N.J. Super. 12, 27 (App.Div. 1977). They would not in any event have been cognizable by the Commissioner. See Red Bank Bd. of Ed. v. Warrington, 138 N.J. Super. 564 (App.Div. 1976). Further, the arbitrator's award was final as to the matters within the scope of the issue framed by the parties and may not be relitigated before the Commissioner.
If, as it appears, respondent now contends that her appeal to the Commissioner involves matters that were not, or could not, have been submitted for arbitration, in that such matters were exclusively within the managerial discretion of the local board, *114 then clearly there was no reason to withhold the appeal to the Commissioner during the pendency of her arbitration proceedings. Respondent had ample time to file the petition after the promulgation of N.J.A.C. 6:24-1.2. It is evident to us that she gambled on a favorable arbitration award and, having lost, then decided to seek further relief at the hands of the Commissioner. By then, her petition was out of time.
Since we conclude, for the reasons stated, that the petition should be dismissed, we do not address the remaining points argued by the parties. The decision of the State Board of Education is reversed and the matter is remanded with direction to dismiss the petition. We do not retain jurisdiction.