174 N.J. Super. 554 (1980)
417 A.2d 76
BOARD OF EDUCATION OF THE BOROUGH OF FAIR LAWN, A PUBLIC CORPORATE BODY OF THE STATE OF NEW JERSEY, PETITIONER-APPELLANT,
v.
FAIR LAWN EDUCATION ASSOCIATION AND PUBLIC EMPLOYMENT RELATIONS COMMISSION, RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 20, 1980.
Decided June 2, 1980.
*556 Before Judges LORA, ANTELL and PRESSLER.
Mr. Jerome A. Vogel argued the cause for the appellant (Messrs. Jeffer, Walter, Tierney, DeKorte, Hopkinson & Vogel, attorneys; Mr. Reginald F. Hopkinson on the brief).
Mr. Theodore M. Simon argued the cause for the respondent Fair Lawn Education Association (Messrs. Goldberg & Simon, attorneys; Mr. Louis P. Bucceri on the brief).
Mr. James F. Schwerin, Deputy General Counsel, argued the cause for the respondent Public Employment Relations Commission (Mr. Sidney H. Lehmann, General Counsel).
The opinion of the court was delivered by PRESSLER, J.A.D.
Appellant Board of Education of the Borough of Fair Lawn (board) appeals from a decision and order of the Public Employment Relations Commission (PERC) holding that the matter in dispute between the board and the Fair Lawn Education Association (association) is a required subject for collective negotiation and denying the board's request for a permanent restraint of arbitration thereof. We affirm.
*557 The dispute involves those provisions of the collective negotiation agreement dealing with teacher evaluation. The board's contractual undertaking in respect thereof includes, among other terms, the requirement that no evaluation of a teacher be conducted without the teacher's knowledge and that no report of evaluation of a teacher or complaint regarding his performance be placed in the teacher's file until the teacher has been afforded an opportunity to review it and to annex thereto, if he chooses, his own responsive statement. The association has contended that this contractual procedure was violated in the case of evaluations made of one of its members, Rochelle Wasserman, and such violation was causatively implicated in the board's determination not to grant her tenure.
Wasserman challenged this denial of tenure by filing an appropriate complaint with the Commissioner of Education pursuant to N.J.S.A. 18A:6-9, which vests the Commissioner with jurisdiction over all controversies and disputes arising under the school laws. We were advised at oral argument that that matter has still not been resolved.
At the same time, the association, on Wasserman's behalf, pursued its contractual grievance procedure on the ground that the board had, in respect of Wasserman, violated the contractual evaluation procedure. Upon failure of adjustment of the grievance the association, in accordance with the contract, demanded that the grievance be submitted to arbitration. The board's response to the arbitration demand was its filing with PERC, pursuant to N.J.S.A. 34:13A-5.4(d), of a petition for a scope of negotiations determination and for an order restraining the arbitration. The basis of the board's action was its contention that evaluation procedures in respect of nontenured teachers is a nonnegotiable matter since N.J.S.A. 18A:27-3.1, which addresses the procedural rights of untenured teachers, is exclusive and preemptive. The board further contended that the Commissioner of Education had exclusive jurisdiction over Wasserman's dispute, precluding the right of the association to pursue any grievance in respect thereof. PERC rejected both of these contentions and we are persuaded that it was correct in so doing.
*558 N.J.S.A. 18A:27-3.1 requires that every nontenured teacher be evaluated at least three times during the school year and that such evaluations be followed by a conference between the teacher and his superior. The association takes the position that this statute creates a minimum standard of procedural right and that its further implementation by more definitive procedural requirements and safeguards, such as those here incorporated in the collective negotiation agreement, constitutes a mandatory subject of negotiation. PERC agreed and so do we. See, e.g., State v. State Supervisory Employees Ass'n, 78 N.J. 54, 90-91 (1978), distinguishing between promotional criteria, which are not mandatorily negotiable, from promotional procedures, which are. The same distinction is applicable to the tenure question here in dispute. Neither PERC nor the association in any way suggests that the collective negotiation process can impinge upon the board's ultimate managerial prerogative to determine to whom it will grant tenure and from whom tenure will be withheld. Clearly, these matters are not negotiable. The position of PERC and the association, however, is simply that the procedures attending the exercise of that management prerogative and implementing, without conflicting with, the minimal safeguards of N.J.S.A. 18A:27-3.1, are negotiable. We are satisfied that the right of the association to negotiate such additional procedural safeguards is clearly vouchsafed it by State v. State Supervisory Employees Ass'n, supra; Riely v. Hunterdon Central H.S. Bd. of Ed., 173 N.J. Super. 109 (App.Div. 1980); Newark Teachers Union v. Newark Bd. of Ed., 149 N.J. Super. 367, 373-374 (Ch.Div. 1977); In re Byram Tp. Bd. of Ed., 152 N.J. Super. 12, 27 (App.Div. 1977). Since, therefore, the evaluation procedures which were negotiated here were mandatorily negotiable, the association patently had the contractual right to arbitrate unadjusted grievances related thereto.
The board's remaining challenge to arbitration appears to be essentially a jurisdictional one, namely, that the jurisdiction of the Commissioner of Education having been invoked by Wasserman herself, arbitration of the related grievance has *559 somehow been foreclosed. This argument, in our view, is without merit and misconceives the fundamental nature of a collective negotiation agreement and the varying respective interests therein of the collective negotiation representative and the represented members of the employment unit. The individual employee has basically a purely personal interest in the contract because the terms and conditions of his own employment are governed thereby. The union has a significantly broader interest in the contract as well as the unique representational obligation to defend its integrity. As the Supreme Court articulated this collectivity principle in Red Bk. Reg'l Ed. Ass'n v. Red Bk. Reg'l High School Bd. of Ed., 78 N.J. 122 (1978),
When an employee elects to have his grievance presented through his majority representative it may no longer be accurately viewed as solely his grievance. It is then also the grievance of his unit, brought on behalf of the entire membership of the unit in the name of their chosen collective representative. [Id. at 137].
........
Significantly, N.J.S.A. 34:13A-5.4(a)(5) does not make it an unfair practice for a public employer to refuse to process a grievance presented personally by an individual employee or one presented through a non-majority representative. Explicit statutory protection is given to the presentation of grievances only when done by a majority representative. Entitlement of this preferred status is not qualified by any statutory requirement that the majority representative be contractually authorized to present grievances. The statutory protection is afforded, without limitation, to all grievances presented by a majority representative. [Id. at 139].
We are, therefore, satisfied that the right of the association to prosecute a grievance for the purpose not only of protecting the individual interest of the aggrieved member but, more significantly, its own representational interest in the vindication of the contract is not a right which can be adversely affected by the individual member's decision to pursue a private remedial alternative available in another forum. The simultaneous recourse of the association to arbitration and of the individual teacher to the Commissioner of Education in no substantial way, moreover, implicates the complex problems of concurrent agency jurisdiction addressed by the Supreme Court in Hackensack v. Winner, 82 N.J. 1 (1980). As we have indicated, the dual recourse here does not in our view invoke any inherent spectre of "overlapping and conflicting administrative *560 remedies" such as ordinarily mandate a resolution of concurrency problems and the necessity of one agency to defer, at least initially, to the jurisdiction of the other. Id. at 15. That is to say, the respective scope of the remedial response of the Commissioner of Education and the arbitrator do not appear to be overlapping since the arbitrator clearly cannot award tenure and the Commissioner cannot enforce the collective negotiation agreement or award a remedy based on a contractual violation. See, e.g., Wyckoff Tp. Bd. of Ed. v. Wyckoff Ed. Ass'n, 168 N.J. Super. 497 (App.Div. 1979), certif. den. 81 N.J. 349 (1980). Any possible conflict in a proper exercise by each of its remedial jurisdiction need not be now anticipated, can be resolved by the court if and when it actually occurs, and cannot, by way of anticipation, foreclose either litigant from pursuing its chosen course. Indeed, it is the lack of litigant identity  that is, the individual complainant in the Commissioner of Education matter and the association complainant in the arbitration matter  which mandates the non-interference by the board with the respective and apparently nonconflicting remedial option of each. There is, therefore, no basis we perceive which would have warranted PERC in restraining the arbitration the association here seeks.
Affirmed.