53 Md. App. 355 (1982)
452 A.2d 1316
BOARD OF EDUCATION OF CARROLL COUNTY
v.
CARROLL COUNTY EDUCATION ASSOCIATION, INC.
No. 501, September Term, 1982.
Court of Special Appeals of Maryland.
Decided December 9, 1982.
The cause was argued before MOYLAN, LOWE and LISS, JJ.
Edward J. Gutman, with whom was Rochelle S. Eisenberg on the brief, for appellant.
*356 James R. Whattam, with whom was Walter S. Levin on the brief, for appellee.
LOWE, J., delivered the opinion of the Court.
The primary issue in this case is whether a binding arbitration agreement between the Board of Education of Carroll County (Board) and the Carroll County Education Association, Inc. (CCEA) contemplated determinations of tenure. Alternatively, if it did so contemplate, was the Board authorized to have delegated its authority or responsibility of screening teachers to an independent arbitrator through such an agreement?
The issues were presented to the Circuit Court for Carroll County by a Bill of Complaint for Declaratory Relief predicated upon a grievance filed by Lyndi Wickless, a nontenured teacher who was timely notified within the 2-year pretenure period, that her employment was to be terminated. Following a hearing, the trial judge decided that the arbitration agreement provided the arbitrator with authority co-extensive with that which the State Board of Education derived by statute. Among other things, he declared that:
"(1) An arbitrator has the power and authority under the Master Agreement to issue a binding award requiring the reinstatement of nontenured teachers who are nonrenewed in violation of the requirements set forth in said Agreement, even if such reinstatement vests the teacher with tenure; and
(2) The Maryland State Board of Education does not have the sole and exclusive power and authority to hear and decide disputes concerning the reinstatement of nontenured teachers, even if such reinstatement vests said teacher with tenure."
The trial judge was impressed by the holdings of other state courts, especially New Jersey and Oregon.
"... we note that courts of other states, faced with *357 factual situations strikingly similar to those of the instant case, have come to the same conclusions we have reached. We are particularly impressed with the reasoning of the courts in Board of Education of Fair Lawn v. Fair Lawn Education Ass'n, 174 N.J. Super. 554, 417 A.2d 76 (1980); Newark Teachers Union v. Board of Education, City of Newark, 149 N.J. Super. 367, 373 A.2d 1020 (1977); and Central Point School Dist. No. 6 v. Employment Relations Board, 27 Or. App. 285, 555 P.2d 1269 (1976)."
We do not agree with the courts' declaration, nor are we impressed by the out-of-state cases it relied upon. We see no purpose in going beyond the language of the agreement and that of our own State's statutes. Within the arbitration clause of the Grievance Procedure in the arbitration agreement, there appears a clear limitation upon the arbitrator's authority denying him any right to usurp the prerogatives or responsibilities of the School Board as that Board was statutorily charged.
"In no event shall any arbitrator have the power to pass any award which will in any way deprive the School Board of Carroll County of any of its powers delegated to it by law nor may such arbitrator pass any monetary awards which would require the School Board to go beyond the budget in existence at the time the grievance arises." (Emphasis added).
In light of that clear contractual proscription, we need but inquire whether the granting or withholding of tenure is a power delegated to the School Board of Carroll County by law. The statutory chain of responsibility from the General Assembly, delegated through the State School Board to the local boards of education, clearly spells out that the local board has express authority "delegated by law" to determine tenure.
Md. Educ. Code Ann., § 6-202 (b) authorizes the State Board of Education to provide a probationary period of *358 employment by bylaw not to exceed two years. Such bylaws, rules or regulations, of course, have the force of law in each county when properly enacted. Educ., § 2-205 (c) (2) and (3). Within these limitations, however, the Education Article of the Maryland Code provides that the qualifications, tenure and compensation of appointees "shall be determined by the county board." § 6-201 (f).
To provide some measure of uniformity among the divergent counties, the State Board required the enactment of guidelines for the evaluation of probationary teachers within limitations provided by it. Bd. of Educ. of A.A. Co. v. Barbano, 45 Md. App. 27, 30 (1980). But except to assure compliance with such procedural prerequisites, it is the local board's discretion exercised in determining tenure and not that of any other person or entity. Absent statutory authority to the contrary, a local board could not delegate that authority even if it had expressly done so in an agreement rather than having expressly reserved its legally delegated authority.
The statutory right of the local board to enter arbitration agreements with certificated employee organizations contains clear restrictions on the Board's right to negotiate its tenure determination prerogatives. Subtitle 4 of Title 6 of the Education Article recognizes such organizations and § 6-408 (a) (1) and (2) provides for the right of the Board and such organizations to negotiate and agree in writing to the matters agreed upon. There is a limited right to provide for "binding arbitration of the grievances arising under the agreement" upon those subjects to which the parties agree shall be subject to arbitration, § 6-408 (a) (2). But the right of the Board to abrogate its responsibilities in this regard is carefully limited by § 6-411 (a) which states that:
"This subtitle [Subtitle 4, Organizations of Certificated Employees] does not supersede any other provision of the Code or the rules and regulations of public school employers that establish and regulate tenure."
*359 Although this seems perfectly clear to us, appellee contends that it
"did not remove from the scope of permissible bargaining any matter dealing with the nonrenewal of nontenured teachers. Rather, it merely prohibited the parties from negotiating any provisions which conflicted with the Education Article or the rules and regulations of local boards of education establishing or regulating tenure."
But that is not what the statute says. It clearly states that the negotiations authorized do not "supersede" the law, rules or regulations establishing and regulating tenure. Supersede means to take the place of, replace, succeed, cause to be set aside or to displace. The American Heritage Dictionary of the English Language at 1292 (1969). It is not limited, by any interpretation, to being in "conflict" with. It is redundant, but apparently necessary, that we hold that a local board may not negotiate or delegate its statutory responsibility to determine tenure as mandated by § 6-201 (f), either directly or indirectly and it is equally obvious that the local board may not negotiate away the State Board's authority to prescribe and review procedural rules for such determinations. Cf. Mugford v. City of Baltimore, 185 Md. 266, 271 (1945).
It is superfluous to add how it follows that the agreement itself comprehends that very result. Quite clearly the agreement stated that the arbitrator had no power "in any way" to deprive the School Board of Carroll County of any powers delegated it by law. To permit even a review of guideline compliance, a failure of which might impose tenure otherwise denied, see Barbano, supra, would permit an arbitrator to do indirectly that which we have held he could not do directly. The power or responsibility to determine tenure was delegated exclusively to the local board by law. § 6-201 (f). Although the State Board may review such determinations, if only to determine whether there has been compliance with the local board's guidelines, Barbano, *360 supra, the State Board's power to review certainly cannot be transferred to, or shared with, an arbitrator by virtue of a local board  teacher's association agreement. The local board having no such authority cannot bargain it away on behalf of the State Board. Whether, and to whom, Ms. Wickless has such an appeal from that determination is a matter of law; it is not the subject of the agreement, nor may it be the subject of any other under the present state of the law.
Judgment reversed.
Case remanded to the Circuit Court for Carroll County for a declaration in accordance with this opinion.
Costs to be paid by appellee.