**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0268-18

DEANA FRAYNE,

     Petitioner-Appellant,

v.

BOARD OF EDUCATION OF THE
BOROUGH OF HIGHLAND PARK,
MIDDLESEX COUNTY, ISRAEL
SOTO, and KELLY WYSOCZANSKI,

     Respondents-Respondents.

_____

          Argued May 17, 2021 – Decided June 16, 2021

          Before Judges Hoffman, Suter and Smith.

          On appeal from the New Jersey Commissioner of
          Education, Docket No. 316-12/16.

          Deana Frayne, appellant, argued the cause pro se.

          Tiffany D. Togarelli, argued the cause for respondents
          Highland Park Board of Education, Israel Soto and
          Kelly Wysoczanski (Methfessel & Werbel, attorneys;
          Eric L. Harrison, of counsel and on the brief; James V.
          Mazewski, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Commissioner of Education (Amna T. Toor, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Plaintiff Deanna Frayne appeals from an August 9, 2018 Commissioner of Education (Commissioner) Final Decision finding that her petition alleging the Highland Park Board of Education (Board) violated her tenure rights under N.J.S.A. 18A:28-5 is time-barred pursuant to N.J.A.C. 6A:3-1.3(i). Plaintiff also argues the doctrine of equitable estoppel prevents imposition of the time bar. We affirm the Commissioner's decision for the reasons set forth below.

I.

The Highland Park Board of Education (Board) hired plaintiff to serve as a non-tenure track first grade maternity leave replacement for the 2008-2009 school year. The Board continued plaintiff's employment in the non-tenure track role for the 2009-2010, 2010-2011, and 2011-2012 school years.

Thereafter, the Board employed plaintiff as a tenure track first grade teacher for the 2012-2013, 2013-2014, and 2014-2015 school years. On May 5, 2015, plaintiff signed a contract with the Board to continue as a tenure track first grade teacher for the 2015-2016 school year. On June 25, 2015, before commencement of the 2015-2016 school year, the Board served plaintiff with a

letter advising her that her employment would be terminated effective August 23, 2015.

In the letter, the Board asserted plaintiff's attendance, classroom performance, and overall behavior over the past several years had been exceedingly poor. The letter also cited a parent-teacher incident where plaintiff recorded a conversation between her and a parent without that parent's consent. The letter was plaintiff's second written notice of unsatisfactory performance within thirty days.[1]

In addition to the Board's June 25, 2015 letter to plaintiff, the Board also presented plaintiff a proposed "Agreement and Mutual Release," dated June 24, 2015, which offered plaintiff continuing health benefits and sixty days' worth of salary in exchange for her waiving the sixty-day termination notice period, accepting termination, and releasing any potential claims against the Board. The first page of this proposed agreement contained this relevant language:

> WHEREAS Ms. Frayne is not a tenured employee of the Board pursuant to the requirements for acquiring the same as set forth in the "Teacher Effectiveness and Accountability for Children of New Jersey Act."

---

[1] The June 25, 2015 letter references a May 27, 2015 letter the Board sent to plaintiff. The May 27, 2015 letter advised plaintiff that the Board was considering disciplinary action against plaintiff for reasons including but not limited to "excessive absenteeism."

A-0268-18

[(emphasis added).]

Plaintiff declined to execute the proposed agreement. Next, on July 13, 2015, the Board served plaintiff a letter advising that, "pursuant to the requirements of N.J.S.A. 10:4-12(b)(8),[2] on Monday, July 20, 2015, the Board will discuss a personnel matter which could affect your employment in this school district." The Board met publicly on August 23, 2015, and in a unanimous 9-0 vote, terminated plaintiff's employment.

Ten months later, in June 2016, plaintiff filed suit in Superior Court challenging her termination and asserting that she had been a tenured employee at the time the Board fired her. The Law Division judge transferred the determination of plaintiff's tenure rights to the Commissioner, while staying all

---

[2] N.J.S.A. 10:4-12 (b)(8) reads in pertinent part:

"A public body may exclude the public only from that portion of a meeting at which the public body discusses any . . . matter involving the employment, appointment, termination of employment, terms and conditions of employment, evaluation of the performance of, promotion, or disciplining of any specific prospective public officer or employee or current public officer or employee employed or appointed by the public body, unless all the individual employees or appointees whose rights could be adversely affected request in writing that the matter or matters be discussed at a public meeting . . . ."

4

other claims. The Board moved for summary decision, arguing that plaintiff failed to assert her claim of tenure within the ninety-day period required by N.J.A.C. 6A:3-1.3(i).

The administrative law judge (ALJ) found the Board's written communications to plaintiff on June 24-25, 2015 placed her on notice that any tenure status she believed she had was being challenged by the Board. The ALJ also found plaintiff was well beyond the ninety-day period during which she could file a petition with the Commissioner to assert and protect her tenure rights.

The ALJ issued an initial decision dismissing plaintiff's tenure claim. The Commissioner issued a final decision adopting the ALJ's findings on August 9, 2018. Plaintiff appealed challenging the Commissioner's decision.[3] She contends her tenure action should not be time-barred under the doctrine of equitable estoppel.

---

[3] Plaintiff, who appears before us pro se, raises breach of contract and Conscientious Employee Protection Act (N.J.S.A. 34:19-1 to -14) theories against the Board in her brief. Those claims are not before us. We decide the sole issue presented, whether the Commissioner's decision to dismiss the plaintiff's tenure claim as time-barred pursuant to N.J.A.C. 6A:3-1.3(i) was proper.

II.

A.

"[We] have 'a limited role' in the review of [agency] decisions." In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). "[A] 'strong presumption of reasonableness attaches to [an agency decision].'" In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), aff'd, 135 N.J. 306 (1994)). "In order to reverse an agency's judgment, [we] must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or [ ] not supported by substantial credible evidence in the record as a whole.'" Stallworth, 208 N.J. at 194 (second alteration in original) (quoting Henry, 81 N.J. at 579-80). The burden of proving that an agency action is arbitrary, capricious, or unreasonable is on the challenger. Bueno v. Bd. of Trs., 422 N.J. Super. 227, 234 (App. Div. 2011) (citing McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)).

We "may not substitute [our] own judgment for the agency's, even though [we] might have reached a different result." Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 483 (2007)). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior

6

knowledge of a particular field.'" Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). Furthermore, "[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference." In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997).

B.

N.J.S.A. 18A:27-4.1(b) regulates the power of a board of education to renew the employment contract of a non-tenured employee. It provides in pertinent part:

> Notwithstanding the provisions of any law, rule or regulation to the contrary,
>
> . . . .
>
> b. A board of education shall renew the employment contract of a certificated or non-certificated officer or employee only upon the recommendation of the chief school administrator and by a recorded roll call majority vote of the full membership of the board. The board shall not withhold its approval for arbitrary and capricious reasons. A nontenured officer or employee who is not recommended for renewal by the chief school administrator shall be deemed nonrenewed. Prior to notifying the officer or employee of the nonrenewal, the chief school administrator shall notify the board of the recommendation not to renew the officer's or employee's contract and the reasons for the recommendation. An officer or employee whose employment contract is not renewed shall have the right

to a written statement of reasons for nonrenewal . . . and to an informal appearance before the board. The purpose of the appearance shall be to permit the staff member to convince the members of the board to offer reemployment. The chief school administrator shall notify the officer or employee of the nonrenewal . . . .

[N.J.S.A. 18A:27-4.1(b).]

N.J.S.A. 18A:27-10 establishes a May 15 deadline by which boards of education must offer written contracts of employment to certain non-tenured teaching staff or provide them with notice they will not be rehired. It reads:

On or before May 15 in each year, each nontenured teaching staff member continuously employed by a board of education since the preceding September 30 shall receive either

a. A written offer of a contract for employment from the board of education for the next succeeding year providing for at least the same terms and conditions of employment but with such increases in salary as may be required by law or policies of the board of education, or

b. A written notice from the chief school administrator that such employment will not be offered.

[N.J.S.A. 18A:27-10.]

N.J.A.C. 6A:3-1.3 addresses the initiation of a contested case before the Commissioner and provides in pertinent part:

The petitioner shall file a petition no later than the 90th day _from the date of receipt of the notice of a final order, ruling or other action by the district board of education_, individual party, or agency, which is the subject of the requested contested case hearing. This rule shall not apply in instances where a specific statute, regulation or court order provides for a period of limitation shorter than 90 days for the filing of a particular type of appeal.

[N.J.A.C. 6A:3-1.3(i) (emphasis added).]

A school board has "broad discretionary authority in the granting of tenure" and the decision not to grant tenure "need not be grounded on unsatisfactory classroom or professional performance for there are many unrelated but nonetheless equally valid reasons why a board . . . may conclude that tenure should not be granted." Donaldson v. Bd. of Educ., 65 N.J. 236, 241 (1974).

## III.

The ninety-day rule has been strictly construed by the courts and consistently applied. See Nissman v Bd. of Educ., 272 N.J. Super 373, 380-81 (App. Div. 1994); Kaprow v. Bd. of Educ., 131 N.J. 572, 588-89 (1993); Riely v. Bd. of Educ., 173 N.J. Super. 109, 112-14 (App. Div. 1980). This period begins to run when the petitioner "learn[s] from the Local Board the existence of that state of facts that would enable him to file a timely claim." Kaprow,

131 N.J. at 588-89. A petitioner need not receive official and formal notification that he or she may have a valid claim. Id. at 588.

The Board offered plaintiff a contract on May 5, 2015, pursuant to N.J.S.A. 18A:27-10. However, the Board did not renew that contract by a recorded roll call majority vote of the full membership of the board pursuant to N.J.S.A. 18A:27-4.1(b). The undisputed record reveals the Board put plaintiff on written notice that her teaching position was in jeopardy at least three times prior to her actual August 23, 2015 termination. Most telling is the language from the June 24, 2015 "Release," which stated unequivocally that the Board did not consider plaintiff tenured. Plaintiff had sufficient information from which to "learn[ ] from the . . . Board the existence of that state of facts that would enable [her] to file a timely claim." Kaprow, 131 N.J.at 588-89.

Plaintiff argues that she obtained tenure by May 2015, however she had ample warning that the Board disagreed. We defer to the Commissioner's finding, supported by credible evidence in the record, that plaintiff had ninety days from July 20, 2015 to file her petition and assert tenure. Instead, she filed an untimely lawsuit in the Superior Court nearly one year after the Board fired

A-0268-18

her at a public meeting. Plaintiff's actions did not satisfy the statutory or regulatory appeal requirements.

Finally, we conclude there is no merit to plaintiff's argument that Board withheld public records from her, triggering the doctrine of equitable estoppel and tolling the ninety-day limit on her tenure action. "Equitable estoppel has been used to prevent a defendant from asserting the statute of limitations when the defendant engages in conduct calculated to mislead plaintiff into believing that it is unnecessary to seek civil redress." Id. at 589. The record discloses no Board conduct that caused plaintiff to postpone filing her claim with the Commissioner. Indeed, the Board's conduct during the summer of 2015 revealed quite the opposite. The Board was clear that it intended to remove plaintiff from employment and communicated that intent in writing from June 24th forward. Plaintiff has not shown evidence of detrimental reliance; consequently her equitable estoppel argument fails.

We concur with the Commissioner that plaintiff failed to bring an action to protect her asserted tenure rights within ninety days as required by N.J.A.C. 6A:3-1.3(i). Any of plaintiff's arguments not addressed here lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D), (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11                                                          A-0268-18