145 N.J. Super. 435 (1976)
368 A.2d 364
UNION COUNTY REGIONAL HIGH SCHOOL BOARD OF EDUCATION, RESPONDENT-APPELLANT,
v.
UNION COUNTY REGIONAL HIGH SCHOOL TEACHERS ASSOCIATION, INC., PETITIONER-RESPONDENT. CRANFORD BOARD OF EDUCATION, RESPONDENT- APPELLANT,
v.
CRANFORD EDUCATION ASSOCIATION, PETITIONER-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1976.
Decided December 10, 1976.
*436 Before Judges HALPERN, ALLCORN and BOTTER.
Mr. Irwin Weinberg argued the cause for appellants (Messrs. Weinberg, Manoff and Dietz, attorneys; David Paul Ericksen on the brief).
Mr. Gerald M. Goldberg argued the cause for respondents Union County Regional High School Teachers Association, Inc. and Cranford Education Association (Messrs. Goldberg, Simon & Selikoff, attorneys; Gerald M. Goldberg and Louis P. Bucceri on the brief).
*437 Mr. David A. Wallace argued the cause for respondent Public Employment Relations Commission.
Mr. John T. Barbour argued the cause on behalf of amicus curiae, New Jersey School Boards Association (Mr. William J. Zaino and John T. Barbour, attorneys).
PER CURIAM.
Whatever may be the breadth of the authority of P.E.R.C. under N.J.S.A. 34:13A-1 et seq. it does not extend to a grant of the power to compel a public employer to negotiate upon the subjects here in dispute, which the Legislature has expressly and by clear implication delineated by statute.
Consequently, where, as here, local boards of education have determined to reduce their personnel under N.J.S.A. 18A:28-9 and to accomplish such reductions in personnel by the non-renewal of the teaching contracts of a portion of their entire forces of nontenured teachers, neither P.E.R.C. nor its designee, the executive director, singly or in combination, is empowered to compel the local boards of education to negotiate the criteria or guidelines to govern the boards in making the selection of the specific individuals whose contracts are not to be renewed, or to negotiate for reemployment rights of those teachers selected for nonrenewal. It should be noted, parenthetically, that the effective bargaining agreements between the school districts and the respective teachers organizations contained no provisions whatever for reductions in force.
Under the statutory scheme established by the Legislature for the administration and operation of our public school system, N.J.S.A. 18A:1-1 et seq., nontenured teachers have no right to the renewal of their contracts, the local boards of education, in turn, are invested with virtually unlimited discretion in such matters, and nontenured teachers whose contracts of employment are not renewed by reason of a reduction in force plainly are denied any reemployment rights whatever, N.J.S.A. 18A:28-5, 9, 10, 11 and 12; *438 Winston v. So. Plainfield Bd. of Ed., 125 N.J. Super. 131, 143 (App. Div. 1973), aff'd 64 N.J. 582 (1974); Donaldson v. North Wildwood Bd. of Ed., 65 N.J. 236 (1974).
In these circumstances, the order appealed from directing the local boards to negotiate the issues of the standards to be utilized in the selection of the non-tenured teachers whose contracts were not to be renewed and their reemployment rights, is ultra vires P.E.R.C. and therefore invalid.
Accordingly, the order is reversed. Said determination renders moot the appeal by P.E.R.C. seeking enforcement of the order (A-4393-75).