146 N.J. Super. 257 (1976)
369 A.2d 931
PATROLMEN'S BENEVOLENT ASSOC., ELIZABETH LOCAL NO. 4 ET AL., PLAINTIFFS-APPELLANTS,
v.
THE CITY OF ELIZABETH ET AL., DEFENDANTS-RESPONDENTS. ELIZABETH POLICE SUPERIOR OFFICERS ASSOCIATION ET AL., PLAINTIFFS-APPELLANTS,
v.
THE CITY OF ELIZABETH ET AL., DEFENDANTS-RESPONDENTS. ELIZABETH FIRE OFFICERS ASSOCIATION, LOCAL NO 4 ET AL., PLAINTIFFS-APPELLANTS,
v.
THE CITY OF ELIZABETH ET AL., DEFENDANTS-RESPONDENTS. FIREMEN'S MUTUAL BENEVOLENT ASSOCIATION, BRANCH NO. 9 ET AL., PLAINTIFFS-APPELLANTS,
v.
THE CITY OF ELIZABETH ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 1976.
Decided December 29, 1976.
*260 Before Judges CARTON, KOLE and LARNER.
Mr. William A. Cambria argued the cause for appellants Patrolmen's Benevolent Association, Elizabeth Local No. 4 et al. (Messrs. Sauer, Boyle, Dwyer and Canellis, attorneys; Mr. George W. Canellis on the brief).
Mr. Jerome M. Lynes argued the cause for appellants Elizabeth Police Superior Officers Association et al. (Messrs. Nolan, Lynes, Bell & Moore, attorneys; Mr. Jerome M. Lynes on the brief).
Mr. Scott E. Tanne argued the cause for appellants Elizabeth Fire Officers Association, Local No. 4 et al. (Messrs. Schneider, Cohen & Solomon, attorneys; Mr. Scott E. Tanne on the brief).
Mr. Howard A. Goldberger argued the cause for appellants Firemen's Mutual Benevolent Association, Branch No. 9 et al. (Messrs. Goldberger, Siegel & Finn, attorneys, filed a statement in lieu of brief).
Mr. John R. Weigel argued the cause for respondents City of Elizabeth, et al. (Mr. Frank P. Trocino, City Attorney, attorney; Mr. John R. Weigel, of counsel and on the brief).
The opinion of the court was delivered by KOLE, J.A.D.
The trial judge entered a judgment providing that (1) the temporary restraints be dissolved; (2) *261 Ordinances 855, 856 and 857 "are not subject matters of referendum," and (3) as a matter of law, the City of Elizabeth, through its governing body, is entitled to lay off and demote members and officers of the fire and police departments for reasons of economy without that action being subject to referendum or subject to any other law. The judgment also dismissed the complaint and order to show cause with prejudice. We affirm the judgment essentially for the reasons set forth in the trial judge's opinion, except as hereafter set forth.
The judge properly refused to exercise jurisdiction to determine the factual issue of whether economy was the reason for the ordinances and the resulting reorganization of the police and fire departments, demotions and layoffs. It correctly held that that issue required exhaustion of administrative remedies involving the expertise of the appropriate administrative body. See Patrolman's Benevolent Ass'n v. Montclair, 70 N.J. 130 (1976).
We agree with the trial judge that the 1974 amendments to the Public Employment Relations Act (PERA), N.J.S.A. 34:13A-1 et seq., are inapplicable to the present case.
The city is a civil service municipality. Whether the layoffs and the decrease in the number of members and officers of the fire and police departments or their grades and ranks were actually "necessary for reasons of economy" (N.J.S.A. 40A:14-25; 40A:14-143) is an issue that should be decided by the Civil Service Commission. It involves a plain statutory managerial and nonnegotiable authority of the municipality, not subject to the jurisdiction of the Public Employment Relations Commission (PERC), even under the 1974 amendments to PERA. See Union Cty. Regional High School Bd. of Ed. v. Union Cty. Regional High School Teachers Ass'n, Inc., 145 N.J. Super. 435 (App. Div., 1976); North Bergen Township Bd. of Ed. v. North Bergen Fed. Teachers, 141 N.J. Super. 97 (App. Div. *262 1976); Clifton Teachers v. Clifton Bd. of Ed., 136 N.J. Super. 336 (App. Div. 1975).
The determination of this issue  whether the municipality has in fact exercised its managerial authority in good faith for reasons of economy  involves an established function of the Civil Service Commission. That agency's determinations and orders with respect thereto are enforceable against the municipality. See Prosecutor's Detectives, etc., Ass'n v. Hudson Cty. Bd. of Freeholders, 130 N.J. Super. 30, 42-43, 48 (App. Div. 1974), certif. den., 66 N.J. 330 (1974); N.J.S.A. 11:1-1; 11:19-2; 11:19-3; 11:22-10.1. Compare N.J.S.A. 40A:14-19 to 22; 40A:14-147 to 150. See also Cunningham v. Civil Service Dep't., 69 N.J. 13, 18 (1976); Civil Service Dep't. v. Newark, 131 N.J. Super. 275, 277-278 (App. Div. 1974).
If the action of the municipality were in fact necessary for reasons of economy, such a nonnegotiable issue is not one within the cognizance of PERC merely because it is claimed that it may constitute an unfair practice under N.J.S.A. 34:13A-5.4(a) or that PERC may have jurisdiction to determine the scope of collective negotiations under N.J.S.A. 34:13A-5.4(d). Nor, in view of our determination, may any contention be made that the matter is one for which a grievance procedure has been "established by agreement between the public employer and the representative organization" for the resolution of any dispute covered by the agreement, under N.J.S.A. 34:13A-5.3. In any event, no one disputes the conclusion of the trial judge that "certain contracts of employment now in existence between plaintiffs and defendant * * * provide a clause entitled `Management Responsibility' which specifically reserve to the City * * * the right to hire, fire and demote." Additionally, we do not consider the ambiguous amendment to N.J.S.A. 34:13A-8.1, eliminating the prior statutory language that no provision of the act shall "annul or modify any pension statute or statutes of this State," as a basis for divesting the Civil Service Commission of its traditional *263 and statutory authority over issues of this nature affecting the rights of civil service employees, including policemen and firemen, or for impairing the express legislative power of the municipality to take the measures here involved for reasons of economy, subject to appellate review by that commission.[1]
We note that some of the members of the Elizabeth Police Superior Officers Association and the Elizabeth Fire Officers Association have filed appeals from their demotions with the Civil Service Commission claiming, among other things, that they were not required for reasons of economy and were not made in good faith. Other members of these associations and members of the other associations affected have not filed such appeals.
Since primary jurisdiction of the dispute as to the alleged economy reasons for the municipal action is with the Civil Service Commission and we are unable on the present record to determine the affected plaintiffs who would have standing to appeal to the Commission with respect thereto, we remand the matter to the trial judge with directions to enter an order, after notice of hearing to all parties, transferring that matter to the Civil Service Commission for appropriate proceedings. The appeals now pending before the Civil Service Commission, together with those transferred by the trial judge, may be consolidated by the Commission. Thereafter a prompt, full hearing with respect to the challenged municipal action may be had before the Commission, followed by a determination of the merits by that agency[2] See Patrolman's Benevolent Ass'n v. Montclair, *264 supra, 70 N.J. at 136; Essex Coun. #1 N.J. Civ. Serv. Ass'n v. Gibson, 118 N.J. Super. 583 (App. Div. 1972).
The judgment as herein modified is affirmed. The stay of the judgment granted by the trial judge is vacated. We do not retain jurisdiction. No costs.
NOTES
[1] The instant case differs from Patrolman's Benevolent Assn. v. Montclair, supra, and Prosecutor's Detectives, etc. Ass'n. v. Hudson Cty. Bd. of Freeholders, supra. Both involved clearly negotiable issues relating to the terms and conditions of employment. Montclair was also concerned with a charge of an unfair labor practice as to such issues. See also, Red Bank Bd. of Ed. v. Warrington, 138 N.J. Super. 564 (App. Div. 1976).
[2] We have been advised that there is now pending before PERC an unfair labor practice charge filed by the Elizabeth Fire Officers Association on February 5, 1976, alleging that the city failed to negotiate in good faith when it entered into a contract with that association and that the demotions of eight of its members had the effect of interfering with and dominating the employee organization. Additionally, the Elizabeth Police Superior Officers Association, on February 27, 1975, filed an unfair practice charge with PERC, claiming that the city had failed to negotiate in good faith; and at some date, not known to us, the Patrolmen's Benevolent Association filed a charge with PERC involving the city's claimed refusal to negotiate in good faith. In view of our determination, we do not consider these PERC proceedings to be pertinent to the issues before us.