150 N.J. Super. 265 (1977)
375 A.2d 669
IN THE MATTER OF THE BOARD OF EDUCATION OF THE CITY OF ENGLEWOOD, PETITIONER-APPELLANT,
v.
ENGLEWOOD TEACHERS' ASSOCIATION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1977.
Decided March 28, 1977.
*266 Before Judges CARTON, KOLE and LARNER.
Mr. Jacob Green argued the cause for petitioner-appellant (Messrs. Gutfleish & Poller, attorneys).
Mr. Theodore M. Simon argued the cause for respondent Englewood Teachers' Association (Messrs. Goldberg & Simon, attorneys; Mr. Louis P. Bucceri, on the brief).
Mr. Sidney Lehmann, General Counsel, argued the cause for Public Employment Relations Commission.
*267 Mr. William J. Zaino argued the cause for the New Jersey School Boards Association, amicus curiae (Mr. John T. Barbour, attorney and on the brief).
Mr. Edward J. Butryn argued the cause for the New Jersey Education Association, amicus curiae (Mr. Cassel R. Ruhlman, Jr., on the brief).
The opinion of the court was delivered by LARNER, J.A.D.
This is an appeal by the Board of Education of Englewood (board) attacking the propriety of the finding by the Public Employment Relations Commission (PERC) in a scope of negotiations proceeding undertaken pursuant to N.J.S.A. 34:13A-5.4(d). The submission to PERC of the controversy between the Board and the Englewood Teachers' Association (association) resulted from a remand of this court after abortive efforts by the board to resolve the matter by PERC, by the Chancery Division of the Superior Court and by the State Department of Education. See Englewood Bd. of Ed. v. Englewood Teachers, 135 N.J. Super. 120 (App. Div. 1975).
In the latter opinion we held that the availability of the remedy of an interim restraint of an arbitration proceeding initiated by the association was exclusively within the jurisdiction of PERC, which was vested with this power incidental to its statutory power to make a determination of the scope of negotiability. Although PERC has the exclusive power to decide scope disputes and interim relief in connection therewith, subsection (d) of N.J.S.A. 34:13A-5.4 expressly directs that its determination is appealable to the Appellate Division of the Superior Court.
The litigation herein stems from the decision of the board to close the Engle Street School for reasons of economy and efficiency, as a result of which it sought to redistribute its teaching staff system-wide and to terminate the employment of approximately 40 nontenured teachers. Among these were ten association members. Upon receipt of notice of termination *268 these teachers requested a statement of reasons for nonrenewal of their contracts. In response thereto, letters were sent by the board explaining its reasons for curtailing the teaching staff and hearings were afforded to those who requested it. Thereafter, a resolution was adopted on June 10, 1974 to the effect that the ten nontenured teachers would not be offered contracts for the school year 1974-1975.
The association then filed a grievance with the superintendent of schools seeking relief by way of employment contracts for five nontenured teachers for the 1974-1975 school year. Upon an adverse determination an appeal was taken to the board, and after a hearing it reaffirmed its refusal to offer renewal contracts. This determination was followed by a demand for arbitration filed on December 16, 1974 on behalf of the five teachers wherein the association alleged the following:
NATURE OF DISPUTE:
Non-renewal of certain non-tenure teachers' contracts
REMEDY SOUGHT: As relief in this matter the ETA seeks the issuance of employment contracts for the 1974-75 school year to all non-tenure teachers so deprived and the subsequent reemployment of said individuals pursuant to and in compliance with the terms of said contract. As further relief, the ETA seeks any and all other remedies available to make the herein referred to non-tenure teachers whole.
As a sequel to this demand for arbitration the board filed a petition for a scope of negotiations determination, contending that the subject matter involved is not subject to negotiation or arbitration and seeking to restrain the arbitration initiated by the association.
PERC thereupon proceeded to consider the negotiability in abstract terms of "matters in dispute involving the fair dismissal and evaluation procedures contained in Articles XXVI and XXX of the agreement between the Association and the Board," concluded that they "are required subjects for collective negotiations" and denied the restraint of arbitration. This conclusion was reached without a specification *269 of a particular grievance relating to the procedures referred to and without reference to the nature of the grievance as submitted by the association to the American Arbitration Association, which in fact was the underlying action sought to be restrained by the board.
It is apparent from the foregoing and from the appellate arguments of the association and amicus, New Jersey Education Association, that the narrow issue initially submitted to PERC with particular reference to the matter sought to be articulated has been expanded into an effort to obtain a declaratory judgment on an abstract situation having no relationship with the nub of the controversy, i.e., whether the board must submit to arbitration its decision not to renew the contracts of five nontenured teachers. That was the scope issue which was relevant to the arbitration demand filed by the board and that should have been the limited area of decision by PERC.
We observe that PERC has justified its ruling by expressly noting that the arbitrability involved in its decision was narrowly limited to the propriety of the fair dismissal and evaluation procedures and not the merits of the board's decision. Yet the association clearly concedes its intent to submit to the arbitrator the factual accuracy of the reasons advanced by the board for the refusal to renew the teachers' contracts. Whatever refined distinctions may be advanced between the issue of factual accuracy and "scrutiny of the subjective judgments" of the board's staff, we are unable to fathom how the association's anticipated arbitration proceeding can avoid dealing with the merits of the board's decision. This is particularly apparent in view of the remedy sought  namely, the reinstatement of the nontenured teachers pursuant to employment contracts.
Furthermore, it is noteworthy that the question of evaluation procedures is not involved in the dispute herein, since there is no assertion by the board that refusal to renew was determined by evaluation of performance by the affected teachers The reason for nonrenewal was quite foreign to this *270 procedure and thus there was nothing in the record to support the action of PERC with reference thereto. Similarly, there is no contention in the record that the board failed to comply in any particular respect with the notice provisions of N.J.S.A. 18A:27-10, 11 and 12, the notice provisions of Article XXVI of the collective negotiation agreement or the dictates of Donaldson v. No. Wildwood Bd. of Ed., 65 N.J. 236 (1974).[1]
In view of the record herein, we conclude as a matter of law that there were no genuine issues relating to negotiability or arbitrability that should have been determined by PERC within the ambit of its scope jurisdiction. The general abstract arguments of respondent therefore do not require discussion. The determination not to renew the contract of a nontenured teacher is a discretionary matter for the local board, and where it results from a reduction in force there exists no right of reemployment. See Union Cty. Bd. of Ed. v. Union Cty. Teachers Assn., 145 N.J. Super. 435 (App. Div. 1976), certif. den. 74 N.J. 248 (1977). As a corollary, the statutory power to reduce personnel, as authorized in N.J.S.A. 18A:28-9, cannot be the subject of negotiation or arbitration. If there is a grievance charging arbitrariness by reason of discriminatory practices or other capricious considerations, the avenue of relief is by way of review under the School Laws by the Commissioner of Education. See N.J.S.A. 18A:6-9. It is a matter beyond the ambit of PERC, the jurisdiction of which is limited to a claim of unfair labor practice *271 (N.J.S.A. 34:13A-5.4(c)) or scope of collective negotiations (N.J.S.A. 34:13A-5.4(d)) where such negotiations are not inhibited by provisions of the School Laws (Title 18A). See Union Cty. Bd. of Ed., supra.
Without deciding the issue of retroactivity, we are satisfied that the 1974 amendments to N.J.S.A. 34:13A-1 et seq. (L. 1974, c. 123) do not affect the conclusion we have reached as to the negotiability and arbitrability of the matter herein involved. See Patrolmen's Benevolent Ass'n., Elizabeth Local No. 4 v. Elizabeth, 146 N.J. Super. 257 (App. Div. 1976). Where the subject matter sought to be negotiated or arbitrated is left to the managerial discretion of the school board by legislative mandate, any agreement to the contrary and any directive to arbitrate by PERC is invalid and unenforceable.
The decision of PERC submitting the dispute herein to arbitration is reversed and said arbitration is permanently restrained.
NOTES
[1] There was one minor deviation from the collective negotiation agreement as it applied to S. Neal Tooni in that the letter of reasons addressed to him was forwarded ten days after the date required by the agreement. Nevertheless, the board offered to accelerate the hearing and determination to accord with the significant timing schedule contained in the agreement. Since this represents a de minimis aberration and since the procedure and timing conformed with N.J.S.A. 18A:27-10, 11 and 12, we find no basis for arbitration of this particular dispute.