221 N.J. Super. 239 (1987)
534 A.2d 93
CHARLES BEDNAR, PETITIONER-APPELLANT,
v.
WESTWOOD BOARD OF EDUCATION, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1987.
Decided November 24, 1987.
Before Judges ANTELL, DEIGHAN and R.S. COHEN.
*240 Gregory T. Syrek argued the cause for appellant (Bucceri & Pincus, attorneys).
Mark G. Sullivan argued the cause for respondent (Sullivan & Sullivan, attorneys).
W. Cary Edwards, Attorney General, attorney for respondent State Board of Education (Marlene Zuberman, Deputy Attorney General, on the statement in lieu of a brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
Petitioner Charles Bednar is a tenured teacher holding an instructional certificate with a comprehensive subject field endorsement in art. He worked as a full-time elementary art teacher in the Westwood school system for 17 years, to June 30, 1984. He was then reduced to a part-time elementary art teaching position. Westwood had five art teachers at the time, four with tenure. Bednar and Harold Smalley had experience exclusively at the elementary level. Smalley had a greater number of years in the job. Denise Salto, Michael Zontanos and Michael Spinella were exclusively high school or seventh-eighth grade art teachers. Spinella was employed less than two years, and thus did not have tenure. He was nevertheless retained in a full-time job when Bednar's hours were reduced. No one disputes that reduction of a full-time job to part-time is a reduction in force (RIF). Klinger v. Cranbury Tp. Bd. of Ed., 190 N.J. Super. 354 (App.Div. 1982).
Bednar filed a petition of appeal to the Commissioner of Education, asserting that the reduction in his hours violated his tenure and seniority rights. The Commissioner disagreed and denied the petition. The State Board of Education affirmed. We are constrained to reverse.
Bednar makes two arguments. The first is that it was improper for Westwood to use the seniority regulations adopted by the State Board of Education in September 1983 (N.J.A.C. 6:3-1.10) to reduce seniority rights which arose under a different *241 set of rules during earlier years. The second is that Bednar's statutory tenure rights, wholly apart from seniority, bar the school district from reducing his hours while retaining a full-time non-tenured art teacher.
In view of our resolution of the tenure argument, we need not deal with the issue of "retroactive" application of the 1983 regulation.[1]
Bednar's second argument has merit. It is that his tenure as an art teacher gives him the right to avoid a RIF by claiming the secondary school job of a non-tenured art teacher with experience in the specific category of secondary art.
Tenure is created by a statute, N.J.S.A. 18A:28-1 et seq., which should be liberally construed to further its beneficial purpose of affording security to teaching staff who meet its standard of length of service. Spiewak v. Rutherford Bd. of Ed., 90 N.J. 63, 74 (1982). One of the provisions of the tenure law is N.J.S.A. 18A:28-9, which states in essence that tenure does not limit the right of a school district to reduce staff. The next section, N.J.S.A. 18A:28-10, states that, in a RIF, dismissals shall be made on the basis of seniority according to standards adopted by the State. N.J.S.A. 18A:28-13 instructs the Commissioner how to create those standards. N.J.S.A. 18A:28-12 gives staff who are dismissed in a RIF preference in reemployment.
*242 The tenure statute authorizes the creation of seniority regulations to rank the job rights of tenured teaching staff in a RIF. N.J.S.A. 18A:28-13. Lichtman v. Ridgewood Bd. of Ed., 93 N.J. 362, 368 n. 4 (1983); Capodilupo v. West Orange Tp. Ed. Bd., 218 N.J. Super. 510, 514 (App.Div. 1987). The statute does not create or authorize the Commissioner to create competing rights for non-tenured teachers. Under current regulations, seniority is measured by years of employment in specific job categories which are normally narrower than the subject fields which are endorsed on teachers' certificates. See N.J.S.A. 18A:28-5; N.J.A.C. 6:3-1.10(b).
Seniority is a statutory concept created by Chapter 28 of Title 18A, a chapter which deals only with the various aspects of tenure. Old Bridge Tp. Bd. of Educ. v. Old Bridge Educ. Ass'n., 98 N.J. 523, 531 (1985). It does not purport to create employment rights for non-tenured employees. This court has thus held that non-tenured teachers whose contracts are not renewed by reason of a RIF are not entitled to the reemployment rights conferred by Chapter 28. Union Cty. Bd. of Ed. v. Union Cty. Teach. Assn., 145 N.J. Super. 435 (App.Div. 1976), certif. den. 74 N.J. 248 (1977). Chapter 28 surely does not contemplate use of the concept of seniority to justify retaining a non-tenured teacher in a position within the certificate of a dismissed tenured teacher. Capodilupo v. West Orange Tp. Ed. Bd., supra.
The State Board of Education attempted to fairly resolve a tension it perceived between tenure and seniority. The State Board's solution was to rule that tenure does not permit a teacher to claim an assignment in a job category in which he has no seniority against a non-tenured teacher with experience in the category. The Board cited N.J.S.A. 18A:28-10, which invokes seniority to determine job rights in a RIF, and reasoned that since Bednar had no seniority teaching art on a secondary level, his rights were not violated by reducing his hours while retaining a full-time non-tenured secondary art teacher.
*243 The defect in the Board's approach is this. N.J.S.A. 18A:28-10 declares only the rights inter sese of tenured teachers in a RIF. Among them, seniority is determinative. But, the statute does not authorize regulatory dilution of tenure rights by affording a non-tenured teacher "seniority." The tension perceived by the State Board between tenure and seniority is one the Board created. Its only proper resolution is to rule that the rights conferred by the tenure statute may not be dissolved by implementing regulations.
The State Board's approach may or may not represent sound educational policy. However, it erodes tenure rights which appear plain on the face of the statute, which we are bound to recognize and which can be removed only by the Legislature. See In re Jamesburg High School Closing, 83 N.J. 540, 547 (1980).
The judgment of the State Board of Education is reversed. The matter is remanded for appropriate further proceedings.
NOTES
[1] In several recent unpublished opinions we have held that the more restrictive current seniority regulations, N.J.A.C. 6:3-1.10, lawfully apply to determine job rights in a current reduction in force (RIF), even though some of the seniority arose before September 1983. See e.g. Hill v. Bd. of Ed., West Orange, 1985 S.L.D. ___ (January 16, 1985), aff'd by St. Bd. of Ed., 1985 S.L.D. ___ (May 1, 1985), aff'd App.Div. 1986 (A-4355-84T1), certif. den. 104, N.J. 443 (1986); Principe v. Bd. of Ed., Tp. of Woodbridge, October 31, 1986 (A-384-85T1). The essential difference between the old and new regulations is that seniority was formerly attained in every instructional field endorsed on the teacher's certificate. Now, it is obtained only by the accrual of actual experience in usually narrower specific instructional categories.