616 A.2d 1293

CATHERINE LAMMERS, APPELLANT, v. BOARD
OF EDUCATION OF THE BOROUGH OF
POINT PLEASANT, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 8, 1992—Decided May 12, 1992.
Reargued October 20, 1992—Decided November 17, 1992.

Before Judges DREIER and BROCHIN.

*Stephen B. Hunter* argued the cause for appellant (*Klausner, Hunter, Cige & Seid*, attorneys; *Mr. Hunter*, of counsel and on the letter brief).

*James P. Brady* argued the cause for the Board of Education of the Borough of Point Pleasant (*Mr. Brady*, on the brief).

*Arlene Goldfus Lutz*, Deputy Attorney General argued the cause for the State Board of Education (*Robert J. Del Tufo*, Attorney General, attorney; *Mary C. Jacobson*, Deputy Attorney General, of counsel; *Ms. Goldfus Lutz*, on the brief).

*Robert A. Fagella* argued the cause on behalf of *amicus curiae* New Jersey Education Association (*Zazzali, Zazzali, Fagella & Nowak*, attorneys; *Richard A. Friedman*, on the letter brief).

The opinion of the court was delivered by

DREIER, J.A.D.

Petitioner, Catherine Lammers, appeals from a decision of the State Board of Education, reversing the decision of the Commissioner of Education who had largely adopted the administrative law judge's determination that petitioner was entitled to payment for a year's salary for violation of her tenure rights. This case was originally argued in April, with an initial opinion issued in May. Thereafter the State Board of Education successfully moved for reconsideration. This opinion supersedes the opinion originally issued May 2, 1992.

Petitioner is a tenured English teacher, holding certificates to teach English in kindergarten through high school. As a high school English teacher, she was subject to a reduction in force (RIF) for the 1989–1990 school year. A temporary vacancy in a middle school English teacher position opened for 1989–1990

when the teacher holding that position applied for a year's maternity leave. A long-term substitute teacher was hired for the year, and petitioner was not considered for the job.

Although the school system makes arguments here concerning whether or not there was a "position" open for the year, it evidently turned petitioner down because she was not certified in elementary education. The middle school was departmentalized, but the district at that time mistakenly considered the middle school as part of its elementary system. It is clear, however, that *N.J.A.C.* 6:3–1.10(1) 19 and 20 classify departmentalized seventh and eighth grades as "secondary" rather than "elementary" for employee entitlement purposes. See the explanation of such classification in *Cohen v. Emerson Bd. of Educ.*, 225 *N.J.Super.* 324, 327 n. 1, 542 *A.*2d 489 (App.Div.1988). This puts to rest the district's claim that petitioner should not have at least been considered for the job on the basis of seniority credits accumulated in the district's secondary schools.

The sole issue in the case, therefore, is whether a "vacancy" opened in a position when the teacher left for a year on maternity leave. *N.J.S.A.* 18A:28–12 provides that a teacher who has been dismissed as a result of a reduction in force "shall be and remain upon a preferred eligible list in the order of seniority for reemployment whenever *a vacancy occurs in a position* for which such person shall be qualified...." (emphasis supplied).

The State Board concluded that a maternity leave of absence creating a year's opening did not create such a "vacancy," and therefore petitioner's rights were not violated when a long-term substitute was hired rather than a tenured teacher who had been subject to a reduction in force. The State Board stated, "It is well established, however, that an assignment which is temporarily unoccupied by an absent teaching staff member does not constitute a vacancy." The State Board cited as authority for this proposition *Sayreville Educ. Ass'n v. Board*

*of Educ.*, 193 *N.J.Super.* 424, 474 *A*.2d 1091 (App.Div.1984). There we construed the statute authorizing the temporary appointment of an employee "during the absence, disability or disqualification" of a board of education employee. *N.J.S.A.* 18A:16–1.1. As quoted by the State Board, in *Sayreville* we construed the statute "as applying when the services of a substitute teacher are required because of the temporary absence, even if protracted, of a regular teacher whose return to duty is contemplated." 193 *N.J.Super.* at 428, 474 *A*.2d 1091. We there stated, however, that we did not construe the statute "as authorizing the use of a substitute to fill a vacant position on a long-term basis." *Ibid.* The court went on to explain that in the case of a vacancy in the position where the incumbent has been terminated, the person filling the position is not a substitute, and must be accorded all the benefits of a regular teacher. *Id.* at 428–429, 474 *A*.2d 1091. But this discussion does not answer the question whether a qualified tenured teacher, terminated because of a reduction in force, should be given a hiring preference over a non-tenured substitute when there is a full year's temporary vacancy.

At the original oral argument petitioner's attorney attempted to draw a line between permissible use of a substitute for a week (or possibly even a month), and the impermissible use of a substitute for some unspecified longer period. He suggested that as the period became more protracted, the duties of the substitute would approach those of the regular classroom teacher, requiring increased supervision of the curriculum and not merely a "babysitting function." That distinction is unworkable. Depending upon the class being taught, the needs of the children, and the guidelines of the school district, even a short-term substitute may well perform all of the planning as well as the teaching functions of the regular teacher. The only guidance we find in the existing regulations is *N.J.A.C.* 6:11–4.5(c), which sets a period of 20 consecutive days as the maximum that an uncertified teacher may act as a substitute. As noted by the State Board, however, there is no current limita-

tion for service as a substitute if the duties are within the scope of the teacher's professional certification.

It is not within this court's expertise to establish any maximum period that a qualified substitute may serve before a contract should be given to a full-time teacher. Furthermore, that is not the question before us. At issue here is whether a qualified tenured teacher must be offered a temporarily vacant position when the vacancy is for an entire school year. We answer that question in the affirmative. But by so determining, we do not wish to imply that there may not be some lesser period for which a tenured teacher must also be offered the temporary employment before a similarly qualified substitute may be secured. We merely determine that a temporary vacancy of a year's duration constitutes "a vacancy ... in a position" within the meaning of *N.J.S.A.* 18A:28–12 for that one-year period.

We cannot lose sight of the principal purpose of the tenure statute to protect the employment rights of a teacher who has satisfied its provisions. Seniority rights are based upon the number of years of teaching in a particular certification, computed to hundredths of a percent of a year. *See Cohen v. Emerson Bd. of Educ., supra,* 225 *N.J.Super.* at 327–328, 542 *A.*2d 489. These rights are valuable to an employee and are deserving of protection. If the temporary vacancy occurs for the period of a year or other substantial period, the tenured employee must be offered that teaching assignment and be permitted to accrue seniority credits before an outsider is brought into the system. *See Bednar v. Westwood Bd. of Educ.,* 221 *N.J.Super.* 239, 241–242, 534 *A.*2d 93 (App.Div. 1987), *certif. denied,* 110 *N.J.* 512, 541 *A.*2d 1371 (1988). These principles were recognized by both the administrative law judge and the Commissioner. The State Board's decision, however, failed to give sufficient weight to the security aspects of tenure.

■ The State Board argues that a "vacancy" of any kind cannot exist while the holder of the position is on leave. At least where the position is to be unoccupied for an entire year, the usual contract period for all teachers' contracts, we determine that the position is temporarily vacant. We leave it to the State Board of Education to define by regulation what other substantial vacancies might similarly trigger the recall of an employee subject to a reduction in force. We also leave to a later date the definition of the respective seniority rights between the RIFed teacher and others in the system with lesser seniority at the end of the year.

■ In its original argument, the school district raised a hypothetical fact pattern to show how tenure rights would be upset if, in effect, two employees could hold the same position, one on maternity leave and the other actually teaching the class. The best answer to the district regarding this question is that it is incorrect to assume that factual situation would present a dilemma. Teaching contracts are given for the school year. The teacher on leave would have no contract for the year in question, and thus would have no claim to the position for the year. Rather, petitioner would have been the teacher filling that position for the year because of the temporary vacancy. For the next year, the position would be filled on the basis of the appropriate seniority rules. What these rules may be is beyond the scope of this opinion.[1]

We see a problem concerning seniority rights that the State Board should address. We were informed at reargument that the preferred hiring list that specifies a teacher's seniority rights is only established on the date of a RIF. It remains fixed until the next RIF. This may be inequitable in certain cases, since in the interim the seniorities of the teachers on the list may shift. In this case, for example, petitioner will gain a year's service, while a teacher over her on the list, who for

---

[1] In the case before us, fortunately, both teachers had jobs in the following school year, so this matter involves only a year's pay and seniority rights.

some reason could not fill the position here considered, may have received no such credit.[2] Furthermore, in recent years shrinking school systems and frequent RIFs provided for constant review of the lists. As demographics change and schools expand, however, there will be fewer RIF's and lists may be frozen for years unless rules are changed to reflect reality.

We are aware that the foregoing suggestion is *obiter dictum*, but we wish to point out a problem that apparently requires administrative examination.

Here, since the school board expected a vacancy for an extended period, petitioner should have been offered the job. While so teaching, she should have continued to accrue seniority credits. Her employment rights should have been recognized, and she now must be made whole.

The decision of the State Board of Education is reversed. The matter is remanded to the State Board for the entry of an appropriate order in conformance with this opinion.

■■■■

■■■■

---

[2] One could view a RIF as a continuing condition, not an instantaneous event. So long as the force has been reduced and the system is operating under a reduction in force, the preferred hiring list could be kept based upon the current rather than historical status of the employees.