**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3322-23

ALEXANDER CARDILLO,

      Petitioner-Appellant,

v.

BOARD OF EDUCATION OF
THE CITY OF PATERSON,
PASSAIC COUNTY,

      Respondent-Respondent.

_____

         Argued December 3, 2025 – Decided January 15, 2026

         Before Judges Gummer, Vanek and Jacobs.

         On appeal from the New Jersey Commissioner of Education, Docket No. 290-10/22.

         Juan C. Fernandez argued the cause for appellant (Fernandez Garcia, LLC, attorneys; Juan C. Fernandez, of counsel and on the briefs).

         Colin Klika, Deputy Attorney General, argued the cause for respondent Commissioner of Education (Matthew J. Platkin, Attorney General, attorney; Vijayasri G. Aryama, Deputy Attorney General, on the statement in lieu of brief).

Kyle J. Trent argued the cause for respondent Board of Education of the City of Paterson (Apruzzese, McDermott, Mastro & Murphy, PC, attorneys; Kyle J. Trent, of counsel and on the brief).

PER CURIAM

Petitioner Alexander Cardillo appeals the May 15, 2024 final decision of the New Jersey Commissioner of Education (the Commissioner) granting the motion of the Board of Education of the City of Paterson (the Board) to dismiss his petition. We affirm.

I.

We previously decided an appeal arising from Cardillo's Law Division complaint filed against the Board and other defendants. Cardillo v. State Operated Sch. Dist. for City of Paterson (Cardillo I), No. A-3397-21 (App. Div. Feb. 29, 2024), certif. denied, 257 N.J. 599 (2024). We incorporate the facts set forth in Cardillo I by reference, recounting only salient facts for context of our decision.

Cardillo was a non-tenured library media specialist employed by the Board from 2015 to 2019 when his contract was not renewed as the result of a reduction in force (RIF). Cardillo I, slip op. at 3. Before we reached our decision in Cardillo I, Cardillo filed a petition with the New Jersey Department

of Education (DOE), alleging "the District[1] violated and continues to violate [District Policy 3146 (the Policy)] as it hires new personnel and calls back and/or replaces library media specialists with less experience." Cardillo claimed the Board had hired another individual to a similar position without first offering the position to him.

In the petition, Cardillo relied on the Policy along with portions of the transcripts of Board employees' depositions taken in the Law Division action. Cardillo asserted that the deposition testimony provided by the District Superintendent, Human Resources representative, and the Vice Principal and Union Representative demonstrates the Policy regarding RIFs applied to both tenured and non-tenured faculty. On its face, the Policy governs the administration and implementation of RIFs and does not extend recall rights or seniority to non-tenured employees.

The Board moved to dismiss Cardillo's petition in lieu of filing an answer. The DOE transferred the matter to the Office of Administrative Law (OAL) for a hearing. An Administrative Law Judge (ALJ) entered an initial decision granting the Board's motion substantially because it found "[Cardillo] as a former non[-]tenured staff member does not have recall/callback rights, and

---

[1] Cardillo appears to use "the District" synonymously with "the Board."

therefore does not have a cause of action."  Petitioner filed exceptions to the ALJ's decision.  On May 15, 2024, the Commissioner adopted the ALJ's initial decision and determined in a final agency decision that Cardillo failed to state a claim upon which relief could be granted.

This appeal followed.  Cardillo asserts the Commissioner erred by granting the Board's motion without oral argument and in reliance on Board employee testimony not referenced in his petition.

II.

A.

"[A]n appellate court reviews agency decisions under an arbitrary and capricious standard."  Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019).  "An agency's determination on the merits 'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'"  Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)).  To determine whether an agency's action meets this standard, appellate courts consider the following:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency

follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).]

The Commissioner analogized the Board's motion filed under N.J.A.C. 6A:3-1.5(g) to a motion to dismiss for failure to state a claim under Rule 4:6-2(e). In doing so, the Commissioner applied decisional law governing the procedural standards for deciding Rule 4:6-2(e) motions. In considering a Rule 4:6-2(e) motion, courts "must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the [petitioner] the benefit of 'every reasonable inference of fact.'" Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, PC, 237 N.J. 91, 107 (2019)).

The test for determining the adequacy of a pleading is "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). If a complaint states no claim affording relief, the action should be dismissed. Dimitrakopoulos, 237 N.J. at 107.

When deciding a motion to dismiss, courts are generally constrained to "the pleadings themselves." Ibid. (quoting Roa v. Roa, 200 N.J. 555, 562 (2010)). "Allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" may also be considered. Jersey City United Against the New Ward Map v. Jersey City Ward Comm'n, 478 N.J. Super. 132, 145 (App. Div. 2024) (quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005)).

B.

We are unpersuaded the Commissioner's final agency decision dismissing Cardillo's petition was arbitrary, capricious, or unreasonable because no cause of action was suggested by the facts as pleaded.

Seniority under the New Jersey Tenure Act (the Tenure Act), N.J.S.A. 18A:28-1 to -18, was "created by Chapter 28 of Title 18A, a chapter which deals only with the various aspects of tenure." Bednar v. Westwood Bd. of Educ., 221 N.J. Super. 239, 242 (App. Div. 1987); see N.J.S.A. 18A:28-5; N.J.A.C. 6:3-1.10(b). The Tenure Act "does not purport to create employment rights for non-tenured employees." Ibid. Non-tenured teachers are not protected by the Tenure Act because the statute "does not create or authorize the Commissioner to create competing rights for non-tenured teachers." Ibid.

A-3322-23

"[N]on-tenured teachers whose contracts are not renewed by reason of a RIF are not entitled to the reemployment rights conferred by Chapter 28." Ibid. Thus, we have held "[t]he determination not to renew the contract of a non[-]tenured teacher is a discretionary matter for the local board, and where it results from a reduction in force there exists no right of reemployment." Bd. of Educ. of City of Englewood v. Englewood Teachers' Ass'n, 150 N.J. Super. 265, 270 (App. Div. 1977); see also Bd. of Educ. v. Wyckoff Educ. Ass'n, 168 N.J. Super. 497, 499 (App. Div. 1979) (recognizing school boards hold the right to decline to renew contracts of non-tenured teachers).

It is undisputed tenure had not been conferred on Cardillo at the time the RIF was implemented and his contract was not renewed. Therefore, as Cardillo concedes, he had no statutory right to be recalled when the Board rehired for a similar position. Cardillo instead relies on the deposition testimony referenced in his petition, which he claims demonstrates a right to be recalled predicated on the Board employees' prior application of the Policy.

The Commissioner's decision adopting the ALJ's finding was not arbitrary, capricious, or unreasonable. The ALJ found the Board employees' testimony did not demonstrate the Board had applied the Policy to extend recall

rights to non-tenured employees. This conclusion was based on substantial evidence in the record before the ALJ.

We are also unconvinced the Commissioner's final agency decision should be vacated because it was based on additional deposition testimony of two Board employees beyond the deposition excerpts referenced in Cardillo's petition. Although Cardillo had appended only portions of the deposition transcripts to his petition, the ALJ was entitled to review the entire transcripts as "documents that form[ed] the basis of [the] claim." Jersey City United, 478 N.J. Super. at 145.

Even if the deposition testimony had created a factual issue as to the Board's application of the Policy, the Commissioner's decision to dismiss Cardillo's petition does not meet the arbitrary or capricious standard. Because non-tenured employees do not have any recall rights under New Jersey law and the Board's Policy also does not create them, Bednar, 221 N.J. Super. at 242, any Board employee action to the contrary would be void as ultra vires. Meyers v. State Health Benefits Comm'n, 256 N.J. 94, 101 (2023) (holding "a governmental entity cannot be estopped from refusing to take an action that it was never authorized to take under the law—even if it had mistakenly agreed to that action").

Finally, we are unpersuaded the ALJ's exercise of discretion to deny oral argument and decide the Board's motion on the papers was arbitrary, capricious or unreasonable. See N.J.A.C. 1:1-12.2(d) (stating "[a]ll motions in writing shall be decided on the papers unless oral argument is directed by the judge"). The process employed was authorized under the administrative code governing OAL proceedings, N.J.A.C. 1:1 to -21. That a prior ALJ scheduled oral argument on other motions does not limit the discretion of a subsequently assigned ALJ to decide the Board's motion on the papers pursuant to N.J.A.C. 1:1-12.2(d).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3322-23