146 N.J. Super. 457 (1977)
370 A.2d 47
SOUTH ORANGE-MAPLEWOOD EDUCATION ASSOCIATION, PLAINTIFF-APPELLANT,
v.
THE BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF SOUTH ORANGE AND MAPLEWOOD, NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1976.
Decided January 18, 1977.
*459 Before Judges HALPERN, BOTTER and KOLOVSKY.
Mr. Gerald M. Goldberg argued the cause for appellant (Messrs. Goldberg & Simon, attorneys).
Mr. Ronald E. Wiss argued the cause for respondent (Messrs. Lieb, Wolff & Samson, attorneys).
The opinion of the court was delivered by BOTTER, J.A.D.
Plaintiff brought this action for specific enforcement of provisions of an agreement relating to *460 sabbatical leave for qualifying teachers. Plaintiff moved for summary judgment and defendant made a cross-motion to dismiss for lack of jurisdiction, contending that the Commissioner of Education (Commissioner) has exclusive jurisdiction over the controversy. The trial judge concluded that the case involves "examination into the policy as to whether a teacher is entitled, as of right, to a sabbatical after seven years of service or whether that sabbatical still lies within the discretion of the local board of education." Finding that the expertise of the Commissioner would be helpful, the trial judge dismissed the action for lack of jurisdiction and ordered it transferred to the Commissioner for resolution. The issue on this appeal is whether the lower court, rather than the Commissioner, had jurisdiction to interpret and enforce these contractual provisions. We conclude that the court had jurisdiction, and we reverse.
The parties entered into a written agreement for the school years 1973-1975, with plaintiff acting as the exclusive representative for collective negotiation on behalf of nonsupervisory teachers and other personnel employed by the defendant school board. Article X of the agreement governs sabbatical leave. It provides, in part, that
Any teacher who has completed seven or more years of continuous, full-time service * * * may be granted a leave of absence of one or two semesters for study or travel. After each subsequent period of seven or more years of service, a further leave for study or travel may be granted.
Other provisions of Article X deal with the salary payable to a teacher while on sabbatical leave, the procedures for making application for leave, and certain conditions for such approval. The agreement provides further that not more than 2% of the teachers shall be granted sabbatical leave in any school year. Article X also established a sabbatical review committee to recommend the granting of leave to applicants based upon benefit to the school system (the teacher must demonstrate a relationship between a proposed *461 leave for travel purposes and the teacher's duties), with preference to teachers who have not yet received a sabbatical leave.
Seven teachers applied for sabbatical leave for the 1975-1976 school year. The pleadings show that the sabbatical review committee approved the leaves for all seven applicants. Although the 2% limitation in the contract was not violated and all applicants were qualified, the school board granted leaves to only five of the seven. The board advised the two rejected applicants that "The constraints of budget prevented us from acceding to all the requests for sabbatical leave."
Plaintiff contended that the agreement made the granting of sabbatical leave mandatory when all contractual conditions were satisfied. The board took the position that its provisions, especially the words, "may be granted," made the granting of such leaves permissive and not mandatory. Plaintiff then invoked the agreement's grievance procedures and, over defendant's objection, the matter was submitted to advisory, nonbinding arbitration. When this did not resolve the disputes, plaintiff filed its action in the Chancery Division.
N.J.S.A. 18A:6-9 gives the Commissioner jurisdiction over "all controversies and disputes arising under the school laws, excepting those governing higher education, or under the rules of the state board or of the commissioner." Defendant contends that the dispute here involves a number of school laws, including the mandate in the Education Clause of our Constitution (N.J. Const. (1947), Art. VIII, § 4, par. 1) for a thorough and efficient system of education, the management of local schools by school boards (N.J.S.A. 18A:10-1), the employment and regulation of employees (N.J.S.A. 18A:11-1), the power to fix and alter their compensation (N.J.S.A. 18A:16-1) and the power to make rules governing terms of employment (N.J.S.A. 18A:27-4 and N.J.S.A. 18A:28-5).
*462 We see the issue differently. N.J.S.A. 34:13A-5.3 authorizes a public employer to enter into a binding agreement with public employees on terms and conditions of employment. Sabbatical leave is clearly a term and condition of employment. It is akin to wage and vacation benefits. The board exercised its authority under the school laws to fix the compensation and other terms of employment through negotiation with employees' representatives. The result was memorialized by the agreement. Now the only remaining dispute concerns the interpretation of that agreement.
Many disputes may be resolved by binding arbitration if the agreement so provides, without resort to the Commissioner. N.J.S.A. 34:13A-5.3; Englewood Bd. of Ed. v. Englewood Teachers Ass'n, 64 N.J. 1 (1973). There the court said:
No issues of any substance under the school laws are presented and the expertise of the Commissioner of Education would not significantly further the interpretative process as to the intended meaning of the parties' agreement. We are satisfied that under the circumstances the Association acted within its contractual rights in pursuing the grievances through arbitration without first submitting them to the Commissioner. [at 8]
The Commissioner has jurisdiction over certain disputes in the absence of an agreement or if the subject matter is not susceptible to binding agreement because it concerns major educational policy or because the issues are controlled by the school laws. Dunellen Bd. of Ed. v. Dunellen Education Ass'n, 64 N.J. 17, 31 (1973); Union County Regional High School Bd. of Ed. v. Union Cty. Regional High School Teachers Ass'n, 145 N.J. Super. 435 (App. Div. 1976). Cf. Red Bank Bd. of Ed. v. Warrington, 138 N.J. Super. 564, 571-573 (App. Div. 1976); but consider the jurisdiction of the New Jersey State Board of Mediation, N.J.S.A. 34:13A-1 et seq., the New Jersey Public Employment Relations Commission (P.E.R.C.), N.J.S.A. 34:13A-3 et seq., and the effects of N.J.S.A. 34:13A-5.3 and N.J.S.A. 34:13A-8.1 as amended by L. 1974, c. 123, §§ 4 and 6. Red Bank Bd. *463 of Ed. v. Warrington, supra. We need not decide all the potential conflicts of exclusive, primary and concurrent jurisdiction. See, e.g., Plainfield Bd. of Ed. v. Plainfield Education Ass'n, 144 N.J. Super. 521 (App. Div. 1976).
We see nothing in the dispute over the meaning of the agreement as it pertains to sabbatical leave which involves an interpretation of any specific statute in Title 18A (Education). Nor can the "school laws" be invoked on the theory that "budgetary constraints" qualify the terms of the agreement.
Nothing we have said should be taken as an expression of our opinion on the meaning of the agreement. That issue should be decided by the trial court, as in the case of any other contractual dispute. Thus, we also decline appellant's invitation to transfer to this court another action pending in the Chancery Division involving a similar dispute over sabbatical leaves for the 1976-1977 school year. These cases should be heard by the court below in plenary fashion when there is ambiguity in the contract which a party seeks to enforce.
Reversed and remanded to the Chancery Division.