200 N.J. Super. 266 (1985)
491 A.2d 58
CAROL HAHN, PLAINTIFF-APPELLANT,
v.
ARBAT SYSTEMS LIMITED, INC., A CORPORATION, AND WILLIAM J. MOONEY, INDIVIDUALLY AND JOINTLY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 3, 1985.
Decided April 18, 1985.
*267 Before Judges FRITZ, GAULKIN and LONG.
William E. Norris argued the cause for appellant (Latzer, Norris & Carbery, attorneys).
John A. Avery argued the cause for respondents (Clapp & Eisenberg, attorneys).
The opinion of the court was delivered by FRITZ, P.J.A.D.
In this matter, in which plaintiff claims she was forced to leave her employment with defendant because of defendant's unlawful discrimination against her, plaintiff appeals from a summary judgment dismissing her complaint for damages brought in the Superior Court. We reverse.
None of the procedural facts are in dispute. Plaintiff left work in August 1983. She promptly filed for unemployment compensation benefits. While we do not have any transcripts from the protracted proceedings in the Division of Unemployment and Disability Insurance, it is abundantly clear that this claim asserted discrimination. When her claim was first rejected by the local deputy, plaintiff on October 17, 1983 filed the Superior Court action the judgment in which is the subject of this appeal. In the meantime, she continued to process her unemployment compensation claim in the administrative agency *268 which, after remands and rehearings, finally denied the claim on April 16, 1984. In this determination, the Board of Review "agree[d] with the decision reached" by the Appeal Tribunal "[o]n the basis of the record below." The Appeal Tribunal had concluded that there was "nothing in the evidence to support the claimant's contentions that she was not being treated fairly or that she was being discriminated against in any manner."
On August 6, 1984, defendants moved for summary judgment in the Superior Court action, arguing that plaintiff was collaterally estopped by the administrative determination. On the hearing of that motion counsel for plaintiff conceded that at the administrative hearings plaintiff "was not denied any opportunity to present ... evidence" relevant to the question of discrimination. The trial judge concluded, on expressed and adequate findings which might reasonably have been reached on sufficient credible evidence in the whole record, Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474 (1974), that since the issues involved in the Superior Court action had been "raised and litigated" in the agency, summary judgment should be granted to defendants. He said, reasonably enough, "[T]here has to be a termination of litigation at some point."
Plaintiff's appeal presents the engaging question of whether collateral estoppel, a useful tool with respect to proposed relitigation of issues already litigated in our courts, may be applied by the courts as to issues already litigated in an administrative agency. As the trial judge here recognized, logic and common sense conduce to such a result. But we need not decide the issue here because we are satisfied that even if available, collateral estoppel should not be applied in this case dealing with a charge of discrimination.
Of high priority is the public policy in New Jersey which seeks to ensure complete review and rigorous enforcement in matters of alleged and actual discrimination. In a case in which another useful tool, the entire controversy doctrine, was *269 denied application in a discrimination case, our Supreme Court said:
The public interest in enforcement of the Law Against Discrimination persuades us that the entire controversy doctrine should not preclude the Division on Civil Rights from considering Thornton's discrimination claim.
Our Court has repeatedly emphasized the strong public policy of New Jersey against employment discrimination. In Jackson v. Concord Company, 54 N.J. 113, 124 (1969) (racial discrimination in housing), we encouraged effective agency enforcement action "in order to eradicate the cancer of discrimination." In Peper v. Princeton University Board of Trustees, [77 N.J. 55, 80 (1978)] (alleged sex discrimination against a female employee), we observed that "New Jersey has always been in the vanguard in the fight to eradicate the cancer of unlawful discrimination of all types from our society." And, in Goodman v. London Metals Exchange, Inc., 86 N.J. 19, 30-31 (1981), we found that "[t]he Legislature has given the Law Against Discrimination a special niche in the legislative scheme.... The law is aimed at fulfilling provisions of the state constitution guaranteeing civil rights. N.J.S.A. 10:5-2." [Andersen v. Exxon Co., 89 N.J. 483, 492 (1982)]. [Thornton v. Potamkin Chevrolet, 94 N.J. 1, 6 (1983).]
Were we to permit consideration of the discrimination issue for the purposes of unemployment compensation to abridge or defeat a complete exploration of the charges in the courts, we would, in our judgment, be permitting a serious infringement upon this important public policy.
Accordingly, we reverse and remand for further proceedings in the trial court not inconsistent with the foregoing. No costs to either party.