CECELIA O'TOOLE, APPELLANT AND CROSS-RESPONDENT, v. BOARD OF EDUCATION OF THE BOROUGH OF RAMSEY, BERGEN COUNTY, RESPONDENT AND CROSS-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 16, 1986—Decided October 6, 1986.

Before Judges PRESSLER, GAULKIN and ASHBEY.

*Sheldon H. Pincus* argued the cuase for Cecelia O'Toole (*Bucceri & Pincus,* attorneys).

*Robert M. Jacobs* argued the cause for the Board of Education of the Borough of Ramsey, Bergen County (*Winne, Banta, Rizzi, Hetherington & Basralian,* attorneys).

*David E. Powers,* Deputy Attorney General, argued the cause for the State Board of Education (*W. Cary Edwards,* Attorney General, attorney; *Regina A. Murray,* Deputy Attorney General, on the brief).

PER CURIAM.

Cecelia O'Toole, formerly employed as a teacher by the Ramsey Board of Education (Board), appeals from those portions of a final decision of the State Board of Education which determined (1) that her challenge to the withholding of her salary increment for the 1981–82 school year was untimely and

(2) that she had received from the Board "duplicate payments" totalling $4036.50. The Board cross-appeals from that portion of the State Board decision which held that the State Board was "without authority to order [O'Toole] to reimburse the Board [for the duplicate payments] and that such recoupment must be sought through civil action in a court of competent jurisdiction."

Substantially for the reasons expressed in the February 6, 1985 Initial Decision of Administrative Law Judge Campbell, whose findings and conclusions were adopted and affirmed by the Commissioner of Education and the State Board, we affirm the dismissal of O'Toole's tardy claim for her 1981–82 salary increment.

The disputes as to the $4036.50 "duplicate payments" arise from the fact that O'Toole was paid her salary through June 1983 and also was granted retirement benefits by the Teachers' Pension and Annuity Fund effective December 1, 1982. O'Toole does not dispute that she was not entitled to receive both salary and retirement benefits between December 1982 and June 1983, nor does she challenge the computation of the amount of the duplicate payments which she received.[1] Rather, O'Toole argues that since the State Board found it had no jurisdiction to order her to make reimbursement, "the question of amount should not have been passed upon at all." The Board, on the other hand, urges that the State Board had, and should have exercised, jurisdiction not only to determine the amount of restitution but also to order O'Toole to make restitution. The position of the State Board is that it "declined to assert jurisdiction to order recoupment from the teacher because it did not infer such a grant of authority as incidental to the Commissioner's and the State Board's statutory powers."

[1]The $4036.50 figure found by the ALJ and the State Board reflects certain off-sets whose genesis is not relevant to the appeal.

We are satisfied that the State Board took too narrow a view of its authority. O'Toole's disentitlement to receive both salary and retirement benefits for the same period of time arises by application of the school laws. *N.J.S.A.* 18A:29–1 *et seq.; N.J.S.A.* 18A:66–1 *et. seq.; cf. Laing v. Bd. of Educ. of the Tp. of Edison,* 1977 *S.L.D.* 422 (April 11, 1977), aff'd *State Board of Education,* 1977 *S.L.D.* 427 (August 3, 1977). The Commissioner and the State Board have jurisdiction to hear and determine such a dispute. *N.J.S.A.* 18A:6–9, –27. *Compare, e.g., S. Orange-Maplewood Ed. Ass'n v. Bd. of Ed. of S. Orange,* 146 *N.J.Super.* 457 (App.Div.1977) (Commissioner lacks jurisdiction in dispute over issue arising from collective bargaining agreement). The State Board thus properly undertook to determine that O'Toole had received duplicate payments of $4036.50. But there is no reason in law, policy or good sense to conclude that the State Board was without jurisdiction to reduce its findings to an order that O'Toole make the reimbursement. The meritorious issues were fully and fairly litigated; they need not be relitigated in another forum. *See Sheeran v. Progressive Life Ins. Co.,* 182 *N.J.Super.* 237, 251 (App.Div.1981); *Mancuso v. North Arlington,* 203 *N.J.Super.* 427 (Law Div.1985). *Compare Hahn v. Arbat Systems Ltd., Inc.,* 200 *N.J.Super.* 266, 268 (App.Div.1985) (declining to apply principle of collateral estoppel in employment discrimination case). To require the filing of a separate Law Division action in order to transform the State Board findings into an order to pay would be pointless and wasteful.[2] *Cf. Bd. of Ed., City of Newark v. Levitt,* 197 *N.J.Super.* 239, 247–248 (App.Div.1984).

We reverse the State Board decision insofar as it declined to order O'Toole to make restitution of the duplicate payments. In all other respects the decision is affirmed. The matter is remanded to the State Board for the entry of an appropriate restitution order.

---

[2] Enforcement of an administrative order to pay money is available on application to the Law Division. *R.* 4:67–6.