ALD-247                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1032
_____

VERONICA A. WILLIAMS,
                                                  Appellant

v.

LITTON LOAN SERVICES; HSBC BANK USA NA;
GOLDMAN SACHS GROUP;
FREMONT HOME LOAN TRUST 2006-C
MORTGAGE BACKED CERTIFICATES SERIES 2006-C;
OCWEN; STERN & EISENBURG PC LLC;
OCWEN FINANCIAL CORPORATION; STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-16-cv-05301)
District Judge: Honorable Esther Salas
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 1, 2019

Before: McKEE, SHWARTZ, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: October 8, 2019)

———————

OPINION[*]

———————

PER CURIAM

Appellant Veronica Williams appeals from the District Court's dismissal of her complaint against Litton Loan Servicing ("Litton"); HSBC Bank USA, N.A. ("HSBC"); Goldman Sachs; Fremont Home Loan Trust 2006-C Mortgage Backed Certificates Series 2006-C ("Fremont"); Ocwen Loan Servicing ("Ocwen"); Ocwen Financial Corp.; and Stern & Eisenberg, PC, LLC. Because we find that the appeal does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

This matter has a complicated procedural history which is familiar to all parties on appeal, so we need not fully recite it here. In summary, Williams alleges in her complaint that, in 2006, she refinanced a mortgage with Fremont on a New Jersey property that she purchased in 1983. In 2009, she applied for a loan modification with Litton, which was allegedly owned by Goldman Sachs and was then servicer of the loan.[1] She claims that she defaulted on her mortgage at the advice of Litton, and that she was promised the loan would be modified. Litton made loan modification contingent upon Williams's compliance with

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The parties dispute whether Goldman Sachs or Goldman Sachs Mortgage Company is the proper name for the defendant. Like the District Court, we will assume that the defendant was properly named in the complaint.

the terms of a "Loan Workout Plan," which required that she make three timely mortgage payments and provide sufficient proof of income. Williams executed the plan but failed to comply with its terms. Litton served Williams with foreclosure papers, but subsequently agreed to delay foreclosure. Williams was offered a "Revised Loan Workout Plan" pursuant to which she allegedly made arrears payments which were accepted by Litton. In December 2009, foreclosure proceedings were commenced. Litton proposed a second revised loan workout plan in March 2010, but Williams did not execute it and stopped making loan payments; the loan was never modified. HSBC instituted a foreclosure action against Williams; the Superior Court of Essex County, Chancery Division, granted summary judgment to HSBC in February 2014, and final judgment was entered in October 2014.

In 2013, Williams filed a complaint in the Superior Court of New Jersey, Law Division ("state-court action"), against the same defendants named in this action, with the exception of Ocwen Financial Corporation. The complaint alleged four causes of action: violation of the Federal Debt Consumer Protection Act (FDCPA), 15 U.S.C. § 1692 et seq. (count I); violation of the New Jersey Consumer Fraud Act (NJCFA), N.J. Stat. Ann. § 56:8-1 et seq. (count II); breach of contract (count III); and intentional infliction of emotional distress (count IV). Williams alleged that Litton breached the Loan Workout Plan and prevented her from obtaining a loan modification, causing her significant professional and personal losses. The Superior Court granted summary judgment in favor of defendants on all counts, except counts II and III against Litton. Williams was granted leave to amend the complaint against Litton; after she failed to take action, the complaint was dismissed

without prejudice for failure to prosecute in June 2016. No further action was taken in the Superior Court, and the matter was closed.[2]

In August 2016, Williams filed the instant complaint in the District Court alleging the same four claims set forth in her state court complaint as well as claims for deliberate indifference and defamation. Williams also added as a defendant Ocwen Financial Corporation. The District Court determined that all of the claims were barred by res judicata against all defendants, except counts II and III against Litton, which the Court concluded were time barred. The complaint was dismissed with prejudice, and this appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6). In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).

State court decisions are given "the same preclusive effect in federal court they would be given in the courts of the rendering state." Del. River Port Auth. v. Fraternal Order of Police, Penn-Jersey Lodge 30, 290 F.3d 567, 573 (3d Cir. 2002). Accordingly, we look to the preclusion law of New Jersey—the "entire controversy doctrine"—in determining whether this federal suit is barred. Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997); see Long v. Lewis, 723 A.2d 1238, 1243 (N.J. Super. Ct. App.

---

[2] The District Court noted that Williams sought to appeal the dismissal to the New Jersey Superior Court, but the appeal was dismissed as procedurally deficient in March 2017. Williams did not seek to correct the deficiency.

Div. 1999) ("The claim preclusion aspect of the entire controversy doctrine is essentially res judicata by another name.").

The entire controversy doctrine requires a party to bring all related claims in a single action "against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party." In re Mullarkey, 536 F.3d 215, 229 (3d Cir. 2008) (quoting Melikian v. Corradetti, 791 F.2d 274, 279 (3d Cir. 1986)). The doctrine applies when (1) the judgment in the first action is valid, final, and on the merits; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action. See Watkins v. Resorts Int'l Hotel & Casino, Inc., 591 A.2d 592, 599 (N.J. 1991). A review of Williams's complaint makes clear that most of the claims are barred by this doctrine.

The parties in this matter are identical to those in the state-court action, with the exception of Ocwen Financial Group, which, as the parent of Ocwen, is in sufficient privity with it to invoke the entire controversy doctrine. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 966 (3d Cir. 1991). And, as the District Court explained, the claims are substantially the same, save for the added claims of deliberate indifference and defamation. We agree with the District Court that, even assuming the claim for deliberate difference is cognizable,[3] it arises out of the same factual circumstances that give rise to the claim for

---

[3] The District Court observed that, as alleged, "no such cause of action exists under either New Jersey or federal law." Williams v. Litton Loan Servicing, No. 2:16-cv-05301-ES-JAD, 2018 WL 6600097, at *4 n.8 (D.N.J. Dec. 17, 2018). The District Court liberally construed the complaint to state a claim under 42 U.S.C. § 1983. But because none of the

5

intentional infliction of emotional distress (count IV), and indeed includes almost all of the same factual allegations. Similarly, the defamation claim could have been raised in the state-court action, as it stems from the same conduct as count IV. Finally, with the exception of the two claims discussed below, all of the claims against all of the defendants were finally adjudicated by the state court. Accordingly, these claims are barred by the entire controversy doctrine and were therefore properly dismissed for failure to state a claim pursuant to Rule 12(b)(6).

As the District Court concluded, the NJCFA and breach of contract claims (counts II and III) against Litton were not final for purposes of claim preclusion because they were dismissed by the state court without prejudice. O'Loughlin v. Nat'l Cmty. Bank, 770 A.2d 1185, 1192 (N.J. Super. Ct. App. Div. 2001) ("It is elementary that a dismissal without prejudice adjudicates nothing and does not constitute a bar to re-institution of the action, subject to the constraint imposed by the statute of limitations."). They are therefore not precluded by the entire controversy doctrine. For the same reason, the claims are not barred by collateral estoppel. See Tarus v. Borough of Pine Hill, 916 A.2d 1036, 1050 (N.J. 2007) ("Collateral estoppel . . . 'bars relitigation of any issue which was actually determined in a prior action . . . .'" (emphasis omitted) (quoting Sacharow v. Sacharow, 826 A.2d 710, 719 (N.J. 2003))). Nevertheless, we agree with the District Court that these claims are subject to dismissal as time barred.

---

defendants are alleged to have acted under color of state law, we see no basis for § 1983 liability. See West v. Atkins, 487 U.S. 42, 48 (1988).

Both counts II and III are governed by a six-year statute of limitations. See N.J. Stat. Ann. § 2A:14-1; see also Custom Commc'ns Eng'g, Inc. v. E.F. Johnson Co., 636 A.2d 80, 86 (N.J. Super. Ct. App. Div. 1993). The limitations period, however, does not begin to run until the cause of action has accrued. See Baird v. Am. Med. Optics, 713 A.2d 1019, 1025 (N.J. 1998); Lopez v. Swyer, 300 A.2d 563, 565 (N.J. 1973). Under New Jersey law, a cause of action accrues when a plaintiff "discovers, or by an exercise of reasonable diligence and intelligence should have discovered that [s]he may have a basis for an actionable claim." Baird, 713 A.2d at 1025 (quoting Lopez, 300 A.2d at 565). Williams's allegations of fraud and breach of contract against Litton relate to its actions with respect to her loan modification application and arrears payments, which primarily occurred in 2009 and, at the latest, in March 2010. The latest actionable loss attributable to those actions accrued in May 2010, when Williams allegedly lost a professional contract as a result of her failure to obtain a loan modification.[4] Accordingly, the complaint, filed in August 2016, was filed beyond the statute of limitations. These claims were therefore properly dismissed.

Based on the foregoing, we will summarily affirm the District Court's judgment.[5]

---

[4] Although Williams cites the prosecution of the foreclosure action as a breach of the contract, HSBC is the sole plaintiff in the foreclosure proceeding against Williams. We note that Ocwen acquired Litton in September 2011, and Litton stopped servicing the loan on November 1, 2011.

[5] Appellant's "Request [for a] Jury Trial" is denied.